995 P.2d 31 (2000)
140 Wash.2d 138
STATE of Washington, Respondent,
v.
Richard AZPITARTE, Petitioner.
No. 68418-9.
Supreme Court of Washington, Department 2.
Considered February 8, 2000.
Decided March 9, 2000.
Nielsen, Broman & Assoc., Christopher Gibson, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, Lisa N. O'Toole, Dennis McCurdy, Deputies, Seattle, for Respondent.
PER CURIAM.
Richard Azpitarte seeks review of a Court of Appeals decision affirming his conviction for felony violation of a no-contact order. He contends that a second degree assault cannot serve as the predicate assault to enhance violation of a no-contact order from a gross misdemeanor to a felony under RCW 10.99.040(4). We agree.

*32 FACTS
D.L. had a no-contact order against Azpitarte since April 1996. Despite the order, D.L. went to Azpitarte's home and stayed with him a few days in December 1996. When she wanted to leave on December 30, the two had an altercation. Each one alleged the other got violent. D.L. claimed that Azpitarte would not let her get dressed or leave the house. While still naked, she escaped to the snowy street, where she asked the driver of a delivery truck to call 911. Azpitarte followed and tried to get D.L. to return to the house. D.L. and the driver testified that Azpitarte grabbed her by the arm and tried to pull her out of the vehicle. Azpitarte went inside his house but soon returned. He tried to pull D.L. from the vehicle by her hair, but she resisted and he pulled a handful of hair from her head.
The State charged Azpitarte with one count of second degree assault based on the hair pulling, one count of unlawful imprisonment, and one count of felony violation of a court order. The felony violation of a court order was based on Azpitarte's two assaults of D.L.: the second degree hair pulling and the fourth degree arm pulling. There was no separate assault charge based on the arm pulling. During pretrial motions the State maintained it would rely solely on the arm pulling to prosecute the felony violation, but during closing arguments the State invited the jury to rely on either assault to enhance the violation to a felony. The jury instructions left the jury to decide whether Azpitarte was guilty of felony violation of a no-contact order, but also did not specify which assault or what degree of assault was necessary for enhancement. The instructions only stated that felony violation required an intentional assault and jury unanimity in regards to a particular assault. The jury was unable to reach a verdict on the unlawful imprisonment count, but found Azpitarte guilty of the two other counts. The trial court entered judgment and sentence accordingly.
Azpitarte appealed the felony violation conviction, challenging for the first time the "to convict" instruction and the trial court's failure to give the jury a special verdict form. He premised both challenges on his contention that second degree assault cannot be the predicate for felony violation of a court order. The Court of Appeals held that second degree assault may serve as the predicate for the felony violation of such an order and affirmed the judgment. We grant review and reverse the Court of Appeals.

ISSUE
Whether a second degree assault can serve as the predicate assault that enhances violation of a no-contact order from a gross misdemeanor to a felony under RCW 10.99.040(4).

ANALYSIS
We review the trial court's decision de novo since it turns on statutory construction. State v. Ammons, 136 Wash.2d 453, 456, 963 P.2d 812 (1998). RCW 10.99.040(4)(a) states that a willful violation of a no-contact order is a gross misdemeanor "except as provided in (b) and (c)" of the subsection.[1] Subsection (b) provides that any assault that is a violation of a no-contact order and "that does not amount to assault in the first or second degree" is a class C felony. The statute clearly excludes the use of first and second degree assaults to elevate *33 violation of a no-contact order from a gross misdemeanor to a felony. When a statute is clear and unambiguous, its meaning is to be derived from the language of the statute alone and it is not subject to judicial construction. Washington State Coalition for the Homeless v. Department of Soc. & Health Servs., 133 Wash.2d 894, 904, 949 P.2d 1291 (1997). An ambiguity exists if the language at issue is susceptible to more than one reasonable interpretation. State ex rel. Royal v. Board of Yakima County Comm'rs, 123 Wash.2d 451, 459, 869 P.2d 56 (1994). RCW 10.99.040(4) is unambiguous with respect to the issue in this case. The statute clearly states that second degree assault cannot serve as the predicate to make the violation a felony.
The Court of Appeals rejected this reading of RCW 10.99.040(4) because it violates two rules of statutory construction: avoiding constructions that yield unlikely, strange or absurd results, and giving effect to the statute's strong statement of legislative intent. State v. Azpitarte, 95 Wash.App. 721, 727-29, 976 P.2d 1256 (1999). However, without a showing of ambiguity, we derive the statute's meaning from its language alone. Coalition for the Homeless, 133 Wash.2d at 904, 949 P.2d 1291. By finding that any assault can elevate a violation of a no-contact order to a felony, the Court of Appeals reads out of the statute the requirement that the assault "not amount to assault in the first or second degree." We will not delete language from a clear statute even if the Legislature intended something else but failed to express it adequately. No part of a statute should be deemed inoperative unless the result of obvious mistake. Cox v. Helenius, 103 Wash.2d 383, 387-88, 693 P.2d 683 (1985). There is no obvious mistake. All assault convictions connected to violation of a no-contact order will result in a felony, either through the assault itself or through the application of subsection (b). The felony verdict here must be set aside because the jury could have relied on Azpitarte's second degree assault in finding him guilty of felony violation of a court order.

CONCLUSION
Azpitarte's conviction for felony violation of a no-contact order is vacated, and the cause is remanded to the trial court for proceedings consistent with this opinion.
NOTES
[1] RCW 10.99.040(4) provides in part as follows:

(a) Willful violation of a court order issued under subsection (2) or (3) of this section is a gross misdemeanor except as provided in (b) and (c) of this subsection (4)....
(b) Any assault that is a violation of an order issued under this section and that does not amount to assault in the first or second degree under RCW 9A.36.011 or 9A.36.021 is a class C felony punishable under chapter 9A.20 RCW, and any conduct in violation of a protective order issued under this section that is reckless and creates a substantial risk of death or serious physical injury to another person is a class C felony punishable under chapter 9A.20 RCW.
(c) A willful violation of a court order issued under this section is a class C felony if the offender has at least two previous convictions for violating the provisions of a no-contact order issued under this chapter, a domestic violence protection order issued under chapter 26.09, 26.10, 26.26, or 26.50 RCW, or any federal or out-of-state order that is comparable to a no-contact order or protection order issued under Washington law....