[Nos. 45331-9-I; 45332-7-I;   Division One.   January 2, 2001.]
45333-5-I; 45334-3-I.

JAMES W. SUMMERS, ET AL., *Appellants*, v. THE DEPARTMENT OF REVENUE, *Respondent*.

---

88

*James W. Summers* and *William C. Summers*, pro se.

*Christine O. Gregoire, Attorney General,* and *Mary C. Lobdell, Assistant,* for respondent.

WEBSTER, J. — Appellant taxpayers appeal the denial of their motion to vacate orders extending judgments, arguing that the statute providing for extension of judgments does not apply to tax liens. Because the trial court properly extended the tax liens, denial of the motions to vacate was not an abuse of discretion and thus we affirm.

## FACTS

In April 1989, the Department of Revenue filed a series of tax warrants against James W. Summers, William C. Summers, and certain affiliated limited partnerships (the taxpayers). The King County Superior Court extended the tax liens by orders dated April 22, 1999. The taxpayers then filed a motion to vacate the judgments under Civil Rule 60(b). The motion was denied, and the taxpayers appeal. All proceedings were thereafter consolidated under this cause number.

## DISCUSSION

### Standard of Review

A trial court's denial of a motion to vacate is reviewed for an abuse of discretion. *State ex rel. Turner v. Briggs*, 94 Wn. App. 299, 302, 971 P.2d 581 (1999). A court abuses its discretion when its decision is based upon untenable grounds and for untenable reasons. *In re Marriage of Tang*, 57 Wn. App. 648, 653, 789 P.2d 118 (1990).

Civil Rule 60(b) empowers a court to vacate an order, based on a motion filed by a party, for the following applicable reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

. . . .

(5) The judgment is void; [or]

. . . .

(11) Any other reason justifying relief from the operation of the judgment.

CR 60(b).

The taxpayers raise two primary arguments in the context of Civil Rule 60(b). First, they argue that the Orders Extending Judgment were void under Civil Rule 60(b)(5) because the superior court lacked authority to extend the life of a tax lien. Second, the taxpayers asserted that the orders were obtained through an irregular procedure under Civil Rule 60(b)(1) and (11).

### Civil Rule 60(b)(5)

The trial court did not abuse its discretion by refusing to vacate the orders extending the judgments under Civil Rule 60(b)(5), which provides for the vacation of orders that are void. Civil Rule 60(b)(5) focuses on the court's jurisdiction over the parties or subject matter, or whether the court lacked the inherent power to enter the order involved. *Bresolin v. Morris*, 86 Wn.2d 241, 245, 543 P.2d 325 (1975), *supplemented*, 88 Wn.2d 167, 558 P.2d 1350 (1977). A void judgment must be vacated. *In re Marriage of Leslie*, 112 Wn.2d 612, 618-19, 772 P.2d 1013 (1989). The taxpayers argue that the orders were void because the superior court lacked authority to extend the life of a tax lien. However, analysis of the text of the statutes supports a conclusion that the orders and the trial court's denial of the motion to vacate were proper.

Under the tax warrant statute, RCW 82.32.210, the filing of a tax warrant with the superior court results in a perfected lien against all business personal property upon filing. RCW 82.32.210(2). It also results in a lien against all other real and personal property of the taxpayer, "the same as a judgment in a civil case duly docketed in the office of the clerk." RCW 82.32.210(4).

Civil judgments are governed by RCW 4.56.190[1], .200,

---

[1] **"RCW 4.56.190 Lien of judgment.** The real estate of any judgment debtor,

.210², and RCW 6.17.020. Under these statutes, the lien attaches to all real estate of the judgment debtor and runs for a period not to exceed 10 years from the date the judgment was entered, unless the judgment is extended pursuant to RCW 6.17.020(3).

RCW 6.17.020(3) provides:

> After June 9, 1994, a party in whose favor a judgment has been *rendered* pursuant to subsection (1) or (4) of this section may, within ninety days before the expiration of the original ten-year period, apply to the court that *rendered* the judgment for an order granting an additional ten years during which an execution may be issued. . . .

(Emphasis added.)

The taxpayers argue that RCW 6.17.020(3) does not apply to tax warrants, because RCW 6.17.020 allows only the extension of a judgment "rendered" by a "court of record," and a tax warrant is not "rendered."

---

and such as the judgment debtor may acquire, not exempt by law, shall be held and bound to satisfy any judgment of the district court of the United States rendered in this state and any judgment of the supreme court, court of appeals, superior court, or district court of this state, and every such judgment shall be a lien thereupon to commence as provided in RCW 4.56.200 and to run for a period of not to exceed ten years from the day on which such judgment was entered unless the ten-year period is extended in accordance with RCW 6.17.020(3). As used in this chapter, real estate shall not include the vendor's interest under a real estate contract for judgments rendered after August 23, 1983. If a judgment debtor owns real estate, subject to execution, jointly or in common with any other person, the judgment shall be a lien on the interest of the defendant only.

"Personal property of the judgment debtor shall be held only from the time it is actually levied upon."

² "**RCW 4.56.210 Cessation of lien—Extension prohibited—Exception.** (1) Except as provided in subsections (2) and (3) of this section, after the expiration of ten years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor. No suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien shall be extended or continued in force for any greater or longer period than ten years.

"....

"(3) A lien based upon an underlying judgment continues in force for an additional ten-year period if the period of execution for the underlying judgment is extended under RCW 6.17.020."

■■ The taxpayers' argument is inconsistent with the text of the statute as well as judicial precedent. The phrase, "the same as a judgment in a civil case duly docketed in the office of the clerk" in RCW 82.32.210 incorporates the civil judgment statutes into the tax warrant statute. This is reflected in *Hutton v. State*, 25 Wn.2d 402, 171 P.2d 248 (1946), in which the Supreme Court held that the phrase "the same as a judgment in a civil case" subjected tax liens to the civil judgment statute, REM. REV. STAT. § 459, which limited the life of "rendered" judgments to six years.[3] Because tax warrants are statutory liens whose enforcement is governed by the terms of the civil judgment statutes, the tax warrant statute must be read in conjunction with the civil judgment execution statutes, including the extension statute, RCW 6.17.020.

Furthermore, analysis of the statutes shows that RCW 4.56.210(1) limits only the lives of "rendered" judgments, just as RCW 6.17.020 provides only for the extension of "rendered" judgments. Of course, the taxpayers do not argue that their tax warrants have unlimited lives. The text of the statutes thus supports the idea that the use of the word "rendered" does not exclude tax liens from the scope of the civil judgment statutes. The taxpayers may not pick and choose from the law, applying their statutory construction arguments only when they are beneficial to them.

Because extension of the tax warrants was proper, the trial court did not abuse its discretion in denying the motion to vacate under Civil Rule 60(b)(5).

## Civil Rules 60(b)(1) and 60(b)(11)

Nor did the trial court abuse its discretion in refusing to vacate the orders extending the judgments under Civil Rule 60(b)(1) or 60(b)(11). The taxpayers argue that, because the underlying liens expired after 10 years and did not qualify for extension pursuant to RCW 6.17.020(3), the extension of the liens was an "irregularity" or an "other reason" suffi-

---

[3] REM. REV. STAT. § 459 is now RCW 4.56.210(1).

cient to justify the vacation of the orders extending the liens.

■ "Irregularities" within the reach of Civil Rule 60(b)(1) concern departures from prescribed rules or regulations. *Merritt v. Graves*, 52 Wash. 57, 100 P. 164 (1909). Most of the cases relying on this ground have involved procedural defects unrelated to the merits. 4 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE 717 (4th ed. 1992) (citing *Muscek v. Equitable Sav. & Loan Ass'n*, 25 Wn.2d 546, 171 P.2d 856 (1946)). The taxpayers assert no procedural defect, and instead argue that the trial court's extension of the tax liens without explicit statutory authorization was an irregular procedure. However, because the orders were proper, it was not an abuse of discretion for the trial court to determine that the extension of a tax lien was not an irregular procedure and to therefore deny the motion to vacate.

■ Likewise, the taxpayers present this court with no "other reasons" which would have justified the vacation of the orders. Relief under Civil Rule 60(b)(11) is confined to situations involving extraordinary circumstances not covered by any other section of the rule. *In re Marriage of Thurston*, 92 Wn. App. 494, 499, 963 P.2d 947 (1998), *review denied*, 137 Wn.2d 1023, 980 P.2d 1282 (1999). The taxpayers raise no such circumstances.

We affirm.

BAKER and KENNEDY, JJ., concur.

Review denied at 144 Wn.2d 1004 (2001).