26 P.3d 965 (2001)
107 Wash.App. 153
STATE of Washington, Respondent,
v.
Stuart Eugene MORGAN, Appellant.
No. 19475-2-III.
Court of Appeals of Washington, Division 3, Panel Two.
July 10, 2001.
Reconsideration Denied August 10, 2001.
*967 Hugh M. Spall, Jr., Ellensburg, for Appellant.
Lauri M. Boyd, Deputy Prosecuting Attorney, Yakima, for Respondent.
*966 BROWN, A.C.J.
In August 1990 at sentencing, the trial court ordered Stuart Morgan to pay legal financial obligations. In May 2000, the trial court extended the time to execute judgment for an additional 10 years. Mr. Morgan appealed. Because we hold for the first time (1) the trial court had retroactive jurisdiction to extend the time to execute on the judgment, and (2) a prosecutor has standing to make the extension application, we affirm.

FACTS
On August 17, 1990, the Yakima County Superior Court entered a judgment ordering Mr. Morgan to pay $944.85 in court costs, victim assessment, and attorney fees following conviction of a crime. On May 1, 2000, Mr. Morgan moved pro se for relief from judgment and to strike the underlying cause number, among others.
On May 17, 2000, the State applied to the trial court for an order granting an additional 10 years to execute judgment. The application alleged that Mr. Morgan owed $1,508.95 in "costs, fees, assessments and restitution" on the relevant cause. Clerk's Papers (CP) at 4. Pursuant to the State's motion, the trial court entered a show cause order requiring Mr. Morgan to appear on May 31, 2000 and show cause why the trial court should not extend the time for execution of judgment for another 10 years.
On May 25, 2000, Mr. Morgan filed a pro se motion and affidavit requesting to appear by mail because he was in a correctional facility in Spokane County. At the May 31, 2000 show cause hearing, the prosecutor informed the trial court of Mr. Morgan's incarceration and his opposition to the time extension for executing judgment. The trial court then entered an order extending the execution of judgment for another 10 years.
Mr. Morgan appealed.

ANALYSIS

A. Jurisdiction and Retroactivity
This first-time issue is whether the trial court had jurisdiction to retroactively *968 extend a judgment entered prior to June 9, 1994, the effective date of RCW 6.17.020(3).
This issue turns on the correct meaning of RCW 6.17.020 and RCW 9.94A.142. Statutory interpretations are given de novo review. State v. Azpitarte, 140 Wash.2d 138, 140-41, 995 P.2d 31 (2000). Absent ambiguity, the reviewing court relies solely on the plain language of the statute. Id. at 141, 995 P.2d 31. We read related provisions together so as to "achieve a harmonious and unified statutory scheme that maintains the integrity of the respective statutes." State v. Chapman, 140 Wash.2d 436, 448, 998 P.2d 282 (2000), cert. denied, 531 U.S. 984, 121 S.Ct. 438, 148 L.Ed.2d 444 (2000) (citing In re Estate of Kerr, 134 Wash.2d 328, 336, 949 P.2d 810 (1998)).
The State correctly argues RCW 9.94A.142(1) authorizes the trial court to retain jurisdiction for 10 years after judgment for purposes of restitution and permits the trial court to extend jurisdiction another 10 years for purposes of restitution provided such extension is ordered prior to expiration of the original ten year period.
RCW 9.94A.142(6) authorizes the State or victim to "enforce the court-ordered restitution in the same manner as a judgment in a civil action." In this connection, RCW 6.17.020, partly provides:
A party who obtains a judgment or order for restitution, crime victims' assessment, or other court-ordered legal financial obligations pursuant to a criminal judgment and sentence may execute the judgment or order any time within ten years subsequent to the entry of judgment and sentence or ten years following the offender's release from total confinement as provided in chapter 9.94A RCW.
RCW 6.17.020(4).
Thus, RCW 6.17.020(4) authorizes the trial court to treat all court-ordered financial obligations arising from a criminal judgment and sentence as a matter subject to the provisions of chapter 9.94A. RCW. The broad reference to chapter 9.94A RCW means the jurisdictional provisions of RCW 9.94A.142(1) necessarily apply.
Mr. Morgan relies on RCW 6.17.020(3), which partly states:
After June 9, 1994, a party in whose favor a judgment has been rendered pursuant to subsection (1) or (4) of this section may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment for an order granting an additional ten years during which an execution may be issued.
Mr. Morgan contends RCW 6.17.020(3) does not apply because the judgment predates June 9, 1994. His argument is partly correct, but ultimately unpersuasive. The statute applies prospectively in the sense that a party seeking an extension cannot obtain one for a judgment that had expired before the effective date of the statute.
The grammatically accurate interpretation of the phrase that follows "[a]fter June 9, 1994," "a party in whose favor a judgment has been rendered," indicates the relevant judgment could be one in existence as of the effective date of the statute. This interpretation is reinforced when one compares the above quoted phrase with RCW 6.17.020(2), which partly states, "[a]fter July 23, 1989, a party who obtains a judgment ... may have an execution issued[.]" The different verb tense indicates that RCW 6.17.020(2) applies solely to judgments entered after July 23, 1989.
Accordingly, RCW 6.17.020(3) applies to judgments expiring after its effective date even if those judgments had arisen prior to the statute's enactment. A recent Division One case indicates that RCW 6.17.020(3) may apply to judgments rendered prior to the effective date of the statute. See Summers v. Dep't of Revenue, 104 Wash.App. 87, 89-92, 14 P.3d 902 (2001) (applying RCW 6.17.020(3) to 1989 tax warrant extended in 1999).
Moreover, RCW 6.17.020(3) functions as an exception to the general ten-year statute of limitations on actions upon a judgment. RCW 4.16.020(2). The Legislature added the extension provision to RCW 4.16.020 in 1994. Laws of 1994, ch. 189, § 2. The Legislature has specifically stated that *969 RCW 4.16.020 applies to "all judgments which have not expired before June 12, 1980." Laws of 1980, ch. 105, § 7. Here, the trial court judgment was not due to expire until after the effective date of RCW 6.17.020(3).
Additionally, Mr. Morgan reads too much into the Supreme Court's dictum that the Legislature made RCW 6.17.020(3) "prospective only." Hazel v. Van Beek, 135 Wash.2d 45, 64, 954 P.2d 1301 (1998). Mr. Morgan insists incorrectly that the above-quoted language is binding; however, a close reading of the opinion reveals the judgment under discussion had expired prior to the enactment of RCW 6.17.020(3). Hazel, 135 Wash.2d at 48, 55, 66, 954 P.2d 1301. The Hazel court, while rejecting arguments that the date of expiration had been tolled, merely noted that RCW 6.17.020(3) was an inapplicable exception to the ten-year limitations on judgments. Id. RCW 6.17.020(3) was not a substantive factor in the Hazel decision.
To the extent Mr. Morgan alludes to an ex post facto challenge to RCW 9.94A.142, that argument has been rejected. State v. Shultz, 138 Wash.2d 638, 644, 980 P.2d 1265 (1999), cert. denied, 529 U.S. 1066, 120 S.Ct. 1672, 146 L.Ed.2d 481 (2000). The statute merely increases the period of time a defendant is subject to a court-imposed obligation. State v. Serio, 97 Wash.App. 586, 589, 987 P.2d 133 (1999). As the Shultz court stated:
Extending the life of a restitution order is analogous to extending the statute of limitation on a criminal act. A person who commits a criminal act is legally answerable to criminal prosecution for a certain period of time. The person has no right to rely upon a fixed limitation period, and the period can be extended without violating the ex post facto clause, so long as the extension occurs before expiration of the original period.
Shultz, 138 Wash.2d at 645, 980 P.2d 1265 (citing State v. Hodgson, 108 Wash.2d 662, 669, 740 P.2d 848 (1987)). RCW 6.17.020(3) is analogous to RCW 9.94A.142(1); it authorizes the trial court to extend the statute of limitations on an existing judgment. Here, the trial court entered judgment on August 17, 1990 and extended the judgment another 10 years on May 31, 2000.
In sum, because the judgment had not yet expired, the trial court retained jurisdiction to extend the judgment for another ten years. RCW 6.17.020(3); RCW 9.94A.142(1); RCW 4.16.020(2); see also Summers, 104 Wash.App. at 92, 14 P.3d 902.
Next, Mr. Morgan contends technical defects in the application divested the trial court of authority to order an extension of jurisdiction. The State correctly notes this court ordinarily declines to consider arguments lacking citation to relevant authorities. State v. Hoffman, 116 Wash.2d 51, 71, 804 P.2d 577 (1991). Mr. Morgan replied he had cited the applicable statutes, RCW 6.17.020(3) and RCW 4.64.030. Even so, Mr. Morgan does not contend the alleged technical defects caused any reversible prejudice. See RCW 4.36.240 (requiring court to disregard errors or defects in pleadings that do not prejudice adverse party); Veranth v. Dep't of Licensing, 91 Wash.App. 339, 343-44, 959 P.2d 128 (1998) (reasoning technical deficiencies in certified officer's report did not deprive trial court of jurisdiction in revocation matter).
Further, Mr. Morgan did not object to the form of application below and does not argue now that the alleged defects were jurisdictional. RAP 2.5(a)(1); Inland Foundry Company v. Spokane County Air Pollution Control Auth., 98 Wash.App. 121, 123, 989 P.2d 102 (1999), review denied, 141 Wash.2d 1007, 10 P.3d 1073 (2000). Nor does he contend the defects were a manifest error affecting a constitutional right. RAP 2.5(a)(3); State v. Bobic, 140 Wash.2d 250, 257, 996 P.2d 610 (2000). Accordingly, Mr. Morgan waived this issue. RAP 2.5.

B. Standing
Another first impression issue is whether the prosecutor's office has standing to seek an extension of the judgment. Again, review is de novo. Azpitarte, 140 Wash.2d at 140-41, 995 P.2d 31.
RCW 6.17.020(4) states:
A party who obtains a judgment or order for restitution, crime victims' assessment, *970 or other court-ordered legal financial obligations pursuant to a criminal judgment and sentence may execute the judgment or order any time within ten years subsequent to the entry of the judgment and sentence or ten years following the offender's release from total confinement as provided in chapter 9.94A RCW. The clerk of superior court may seek extension under subsection (3) of this section for purposes of collection as allowed under RCW 36.18.190.
RCW 36.18.190 authorizes the superior court clerk to contract with collection agencies or to use county collection services for the collection of unpaid court-ordered financial obligations.
While RCW 6.17.020(4) authorizes the court clerk to apply for an extension, it does not state that the clerk is the sole person authorized to do so. To the contrary, RCW 9.94A.142(6) plainly authorizes the "state or victim" to enforce court-ordered restitution. And, RCW 6.17.020(3) clearly authorizes "a party in whose favor a judgment has been rendered" to apply for an extension. It is apparent the Legislature intended to afford superior court clerks the same ability to extend judgments as afforded the State and crime victims. Therefore, the State has standing to apply for an extension, as does a crime victim, and the superior court clerk.

CONCLUSION
The trial court did not err in any of the ways alleged by Mr. Morgan.
WE CONCUR: SCHULTHEIS, J., and KATO, J.