[No. 26492-7-II.   Division Two.   January 11, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD SCOTT TEITZEL, *Appellant*.

*Brett A. Purtzer*, for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *Michelle Luna-Green, Deputy*, for respondent.

ARMSTRONG, C.J. — Richard Teitzel pleaded guilty to vehicular homicide. At sentencing, the court applied his prior DUI (driving under the influence) offenses as sentence enhancements rather than toward his offender score. Teitzel argues that the statute is ambiguous and the court should have applied the prior offenses to his offender score. We find no error and affirm.

## FACTS

Richard Teitzel pleaded guilty to vehicular homicide after he killed a person while driving under the influence of alcohol. He stipulated to three prior DUIs. Two of these were convictions, and one was a deferred prosecution. The sentencing court counted these three prior offenses as enhancements rather than as points on Teitzel's offender score. With his offender score of 0, the standard range was 31-41 months, with 72 months enhancement for his prior offenses. The court sentenced him to 113 months confinement (41 months plus 72 months enhancement).

## ANALYSIS

Teitzel argues that the trial court improperly used his prior DUI offenses as sentence enhancements. He claims that the statute is ambiguous and that the rule of lenity therefore dictates that the court should have applied the prior offenses to his offender score. Had the court done so, the standard sentence would have been 46 to 61 months.

The statute provides that when a person is convicted of a felony traffic offense, "each serious traffic offense, *other than those used for an enhancement pursuant to RCW 46.61.520(2)*, count[s] one point for each adult . . . conviction." RCW 9.94A.360(11) (emphasis added). Vehicular homicide is a class A felony. RCW 46.61.520(2). "Serious traffic offenses" are driving while under the influence of intoxicants, having actual physical control while under the influence, reckless driving, and hit-and-run of an attended vehicle. RCW 9.94A.030(36). RCW 46.61.520(2) provides that when a person is convicted of vehicular homicide and was driving while under the influence of intoxicants, "an additional two years *shall be added* to the sentence for each prior offense as defined in RCW 46.61.5055." RCW 46.61.520(2) (emphasis added). The definition of "prior offense" under RCW 46.61.5055 includes convictions for driving under the influence and deferred prosecution related to driving under the influence. RCW 46.61-.5055(11)(a)(i), (vii).

But Teitzel argues that the statute is ambiguous as to how to consider the prior traffic offenses. We review questions of statutory construction de novo. *State v. Azpitarte*, 140 Wn.2d 138, 140-41, 995 P.2d 31 (2000). Statutory language is ambiguous only if the reader can reasonably interpret it in more than one way. *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 808, 16 P.3d 583 (2001). An unambiguous statute does not become ambiguous merely because it disfavors a person in a particular situation. Courts may not construe unambiguous statutes. *Azpitarte*, 140 Wn.2d at 141.

■ The statutes applied here are not ambiguous. They clearly require the sentencing court to add two years for each prior DUI or deferred prosecution for DUI to the sentence of a defendant convicted of vehicular homicide for causing a person's death while driving intoxicated. *See State v. Deman*, 107 Wn. App. 98, 99-100, 26 P.3d 296 (2001) (holding that the court may even enhance the sentence using convictions that have "washed out" for purposes of the offender score); *State v. Holgren*, 106 Wn. App. 477, 23 P.3d 1132 (2001). The statute does not allow the court to use prior DUIs as an offender score as Teitzel suggests. Rather, the statute requires that the court "shall" use these prior offenses as sentence enhancements. RCW 46.61.520.

Teitzel argues that if the sentencing court considers some prior traffic offenses as enhancements, it makes "serious traffic offense" nearly synonymous with "enhancement." Appellant's Br. at 7. This is simply not true. A serious traffic offense includes DUI, having actual control, reckless driving, and hit-and-run. RCW 9.94A.030(36). The only time a court may use a serious traffic offense as an enhancement is when a person's vehicular homicide conviction involved driving under the influence *and* his prior offenses were either DUIs or having actual control while under the influence. RCW 46.61.520, .5055. A person convicted of vehicular homicide who drove in a reckless manner (RCW 46.61.520(b)) or with disregard for the safety of others (RCW 46.61.520(c)) will not have his prior traffic offenses used as enhancements. Even a person convicted of vehicular homicide who drove under the influence will not have prior traffic offenses for reckless driving or hit-and-run of an attended vehicle used as enhancements. RCW 46.61-.520, .5055.

In conclusion, the statutes at issue are not ambiguous and the court properly used Teitzel's prior DUIs to enhance his sentence.

Affirmed.

HOUGHTON and HUNT, JJ., concur.