[No. 39365-4-II.  Division Two.  March 16, 2010.]

JAMIE SESSOM ET AL., *Respondents*, v. JOSEPH P. MENTOR ET AL., *Defendants*, GORDON H. RINKE ET AL., *Appellants*.

*Eileen M. Schock*, for appellants.

*Thomas C. O'Hare* (of *Smith & O'Hare PS*) and *Drake D. Mesenbrink* (of *Mesenbrink Law Offices PS*), for respondents.

¶1 Van Deren, C.J. — Gordon Rinke appeals a Kitsap County Superior Court order denying his motion to void the 1999 extension of a default judgment in favor of Jamie and Stacy Sessom, entered against Rinke in 1989. At issue is whether former RCW 6.17.020(3) (1997), which authorized extension of judgments, applied retroactively to extend the time for enforcement of the 1989 default judgment against Rinke. Because the Sessoms' 10 year extension to the original judgment has expired, the matter is moot as to Rinke. But because the matter is of public import, we briefly address whether former RCW 6.17.020(3) (1997)[1] applied to judgments that were unexpired when the extension provision was adopted, and we hold that the extension provision did so apply.

## FACTS

¶2 The material facts are not in dispute. On September 20, 1989, Jamie and Stacy Sessom obtained a default judgment in their personal injury suit against Rinke in the amount of $29,083.90, bearing interest at 12 percent per annum. At that time, former RCW 6.17.020(1) (1989) pro-

---

[1] The legislature amended former RCW 6.17.020 (1989) in 1994 by adding subsection (3), thereby authorizing the extension of judgments. The legislature further amended that subsection, or other parts of RCW 6.17.020, in 1995, 1997, and 2002. These subsequent amendments expanded the scope of who may employ the extension of judgments provision and the circumstances in which such extension may be employed. We briefly discuss those amendments as they relate to cases relied upon by the parties. But such amendments play no role in our disposition of the issue raised in this matter because the operative language upon which this case turns appears in the 1994 adoption of subsection (3). That core language, which we discuss below, appears in the current version of the statute and has remained unchanged by the various amendments to RCW 6.17.020.

vided for collection on a judgment or enforcement of a judgment for a period of 10 years.[2]

¶3 In 1994, the legislature amended RCW 6.17.020 by adding subsection (3), allowing an extension of time for collecting or enforcing a judgment for an additional 10 years. *See* LAWS OF 1994, ch. 189, § 1. The new subsection provided, in part, that after June 9, 1994, a party in whose favor judgment had been rendered could, within 90 days before expiration of the original 10 year period of enforcement, apply to the court that rendered the judgment for an order granting an additional 10 years for enforcement of the judgment. Former RCW 6.17.020(3) (1994).

¶4 On June 24, 1999, the Sessoms obtained a 10 year extension of the 1989 judgment under former RCW 6.17.020(3) (1997). On May 30, 2008, Rinke moved to vacate the extension as void, arguing that subsection (3) did not apply retroactively to judgments entered before the June 9, 1994, effective date of the amendment extending the collection time. The trial court denied the motion and concluded that the legislature intended former RCW 6.17.020(3) (1997) to be both remedial and retroactive and that applying the statute retroactively did not affect a debtor's substantive right to cessation of the judgment lien. Rinke sought direct review in the Washington Supreme Court, which transferred the case to us.

¶5 In June 2009, the 10 year extension of the Sessoms' judgment against Rinke expired and, at oral argument, Rinke conceded that the appeal was moot as to Rinke.

## ANALYSIS

¶6 As a threshold matter, we address Rinke's admission that his appeal is now moot. A case is moot if a

---

[2] *See* former RCW 6.17.020(1) (1989) (party in whose favor judgment has been rendered may collect or enforce judgment "at any time within ten years from entry of the judgment"); *see also* former RCW 4.56.210(1) (1989) ("[n]o suit, action or other proceeding shall ever be had on any judgment . . . by which the lien shall be extended or continued . . . for any greater or longer period than ten years").

court can no longer provide effective relief and we usually will not consider issues that are rendered purely academic when a case becomes moot. *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004). But we may review a moot case if it involves a matter of "substantial public interest." *Paxton v. City of Bellingham*, 129 Wn. App. 439, 444, 119 P.3d 373 (2005). In determining whether an issue so qualifies, we consider three factors: "(1) whether the issue is of a public or private nature, (2) whether an authoritative determination is desirable to provide future guidance to public officers, and (3) whether the issue is likely to recur." *Paxton*, 129 Wn. App. at 444. Although the underlying case involved a money judgment in a suit between private parties only, the issue of how the extension of judgments statute is to be applied could potentially affect many cases and it is thus a matter of broad public import. Our decision on the matter would also provide guidance to trial courts regarding an issue that is likely to recur. Accordingly, we find that this moot case presents an issue of substantial public interest warranting review.

¶7 This case turns on the interpretation of RCW 6.17.020(3).[3] We review a trial court's application and interpretation of a statute de novo. *State v. Azpitarte*, 140 Wn.2d 138, 140-41, 995 P.2d 31 (2000); *Hadley v. Maxwell*, 120 Wn. App. 137, 145, 84 P.3d 286 (2004). Absent ambiguity, we rely solely on the statute's plain language. *Azpitarte*, 140 Wn.2d at 141. We read related provisions together so as "to achieve a harmonious and unified statutory scheme that maintains the integrity of the respective statutes." *State v. Chapman*, 140 Wn.2d 436, 448, 998 P.2d 282 (2000).

¶8 In *State v. Morgan*, 107 Wn. App. 153, 157, 26 P.3d 965 (2001), Division Three held that former RCW 6.17.020(3) (1997) applied to judgments, like the one at issue here, which predate the extension provision's effective

---

[3] As noted, although former RCW 6.17.020(3) (1997) was the version of the statute applicable when the Sessoms extended their judgment against Rinke in 1999, the substantive language at issue here has remained unchanged since the extension provision's 1994 enactment.

date (June 9, 1994), but which do not expire until after that effective date. *Morgan*, 107 Wn. App. at 157-58; *see also Summers v. Dep't of Revenue*, 104 Wn. App. 87, 89-92, 14 P.3d 902 (2001) (Division One applying former RCW 6.17.020(3) (1997) to 1989 tax warrant extended in 1999). In *Morgan*, the court relied on the plain language of subsection (3), which said that it applied as from the June 9, 1994, enactment date to a judgment that " 'has been rendered.' " *Morgan*, 107 Wn. App. at 157 (quoting former RCW 6.17.020(3) (1997)). The *Morgan* court contrasted this wording by quoting former RCW 6.17.020(2) (1997), which stated that " '[a]fter July 23, 1989, a party who obtains a judgment . . . may have an execution issued.' " *Morgan*, 107 Wn. App. at 157 (alterations in original); *see also State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334 (1997) (legislature's use of future and present tenses in an amendment strengthens a presumption that it is prospective only).

¶9 Rinke does not argue with the *Morgan* court's analysis but he seems to contend that *Morgan* conflicts with our Supreme Court's earlier decision in *Hazel v. Van Beek*, 135 Wn.2d 45, 64, 954 P.2d 1301 (1998), which he purports "established" that former RCW 6.17.020(3) (1997) only applies prospectively. Br. of Appellant at 13. But *Hazel* is distinguishable because the judgment there had expired before the June 9, 1994, enactment of RCW 6.17.020(3). 135 Wn.2d at 66 (respondent's 10 year period for executing on her judgment expired in 1993).

¶10 Moreover, we agree with Division Three that *Hazel*'s one sentence statement that former RCW 6.17.020(3) (1997) is prospective is dictum. *See Morgan*, 107 Wn. App. at 158. In passing, the *Hazel* court noted that in 1994 the legislature had amended RCW 6.17.020, among other statutes, to provide for a 10 year extension of judgment upon a creditor's request and had "made the new exception prospective only." 135 Wn.2d at 64. RCW 6.17.020(3) was not mentioned further and it was not a substantive factor in the *Hazel* decision. *See* 135 Wn.2d at 64; *see also Morgan*, 107 Wn. App. at 158.

¶11 We agree with Division Three's decision in *Morgan* holding that the legislature intended RCW 6.17.020(3)'s extension provision to apply to preexisting judgments for which the original enforcement period had not yet expired. 107 Wn. App. at 157-58. Following *Morgan*, we hold that the trial court properly denied Rinke's motion to void the Sessoms' 10 year extension of their judgment.

¶12 Rinke alternatively argues that, even if the legislature intended former RCW 6.17.020(3) (1994) to apply to judgments rendered before the statute's effective date, the statute cannot apply here because doing so will impair what he claims to be a substantive right to cessation of the judgment lien 10 years after entry of the judgment. Rinke cites *American Discount Corp. v. Shepherd*, 160 Wn.2d 93, 156 P.3d 858 (2007) to support his argument, but that case is distinguishable.

¶13 The American Discount Corporation obtained a judgment against Shepherd in August 1986. A year later, it assigned the judgment to a collection agency. In July 1996, the assignee agency obtained an order extending the judgment 10 years to 2006 under former RCW 6.17.020(3) (1995). *Shepherd*, 160 Wn.2d at 96. That statute allowed both judgment creditors and their assignees to *execute* on a judgment but it permitted *only judgment creditors* to apply for an *extension* order. Former RCW 6.17.020(1), (3) (1995).

¶14 In 2002, the legislature amended former RCW 6.17.020(3) to authorize assignees to apply for judgment extensions and made that authority retroactive to 1994. Former RCW 6.17.020(3), (8) (2002). Our Supreme Court stated in *Shepherd* that the assignee's judgment expired in 1996 because its attempted extension was void, given that assignees at that time could not apply for judgment extensions. *Shepherd*, 160 Wn.2d at 99-100. Thus, the *Shepherd* court held that the 2002 amendment could not apply retroactively to revive the *already expired* judgment because doing so would affect Shepherd's substantive right under RCW 4.56.210 to cessation of the judgment lien after 10 years. *Shepherd*, 160 Wn.2d at 99.

¶15 Unlike the judgment in *Shepherd*, which expired because the extension was made by an assignee instead of the judgment creditor, the judgment at issue here had not expired when the Sessoms sought an extension in 1999. Accordingly, because the original 10 year execution period on the judgment had not yet expired when the Sessoms sought the 1999 extension, Rinke had no substantive right to cessation of the lien at that time. We hold that the trial court properly denied Rinke's motion to void the 10 year extension of the Sessoms' judgment against him.[4]

¶16 Rinke requests attorney fees, citing *Rorvig v. Douglas*, 123 Wn.2d 854, 862, 873 P.2d 492 (1994), which acknowledged that attorney fees may be awarded as special

---

[4] Following oral argument, Rinke submitted a statement of additional authorities, *see* RAP 10.8, to which two cases were attached: *United States v. Bacon*, 82 F.3d 822 (9th Cir. 1996) and *Williams v. State*, 76 Wn. App. 237, 885 P.2d 845 (1994). These cases do not address RCW 6.17.020(3) and thus provide no guidance here.

Rinke also cited the *Washington Practice* section that generally addresses judgment lifetimes. *See* 28 MARJORIE DICK ROMBAUER, WASHINGTON PRACTICE: CREDITORS' REMEDIES—DEBTORS' RELIEF § 7.8, at 89-90 (1998) & 10-11 (Supp. 2008-09). In the overview describing the general history of judgment enforcement in Washington, the treatise states, "Under 1994 legislation, the absolute 10-year limit [on enforcement of judgments] can now be extended by a court order granting an additional 10 years *for judgments entered on and after June 9, 1994.*[3]" (Emphasis added.) The referenced footnote states, "**3.** 1994 Wash. Sess. Laws ch. 189, amending RCWA 6.17.020, 4.16.020, 4.56.190, 6.32.010, and 6.32.015." 28 ROMBAUER, § 7.8, at 89-90 (1998).

In [*Shepherd*, 160 Wn.2d 93], the court held that the retroactive application of RCWA 6.17.020(3) permitting an assignee of judgment to apply for extension of judgment affected judgment debtor's substantive right to cessation of lien after ten years, and thus, the legislature could not revive the expired judgment by retroactive application of an amendment to the statute that did not permit assignee to apply for extension.

28 ROMBAUER, § 7.8, at 10 (Supp. 2008-09). Although the footnote accurately describes the holding in *Shepherd*, that holding does not lead to the conclusion expressed in the main text (i.e., the language enclosed in the first set of quotation marks above). Moreover, as we have explained in this opinion, *Shepherd* is distinguishable and does not control the present inquiry in any event.

Notably, *Washington Practice* section 7.8, which Rinke cited, and section 7.9, which specifically addresses extension of judgments, do not mention *Morgan*—the Division Three decision that directly addresses how RCW 6.17.020(3) is to be applied in the present context—which we follow herein. *See* 28 ROMBAUER, § 7.8, at 89-94 (1998) & 10-14 (Supp. 2008-09). Accordingly, we are not swayed by Rinke's reference to cases that are not on point and to a treatise section that fails to consider key case law.

damages in cases of malicious prosecution and wrongful attachment and garnishment. Rinke has identified no "wrongful" conduct that would warrant an award of fees under *Rorvig*. Accordingly, we deny Rinke's fee request.

¶17 We affirm the trial court's denial of Rinke's motion to void the Sessoms' 10 year extension of the 1989 default judgment obtained against Rinke and we deny Rinke's fee request.

HOUGHTON and QUINN-BRINTNALL, JJ., concur.