IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>        v.<br><br>KELLY JOE WEISS,<br><br>                Appellant. | No. 86839-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — A jury convicted Kelly Joe Weiss of assault in the second degree and felony violation of a court order (FVCO), both with domestic violence indicators. Weiss argues the State did not prove all the elements of the FVCO conviction because the jury could have based that conviction on the same acts constituting the assault in the second degree. We agree there is that risk. Thus, we vacate Weiss' conviction of FVCO and remand this matter for further proceedings.

## I.     BACKGROUND

In April 2022, a superior court entered a no contact order which prohibited Weiss from having contact with C.S.[1] or coming within 1,000 feet of her residence

---

[1] We refer to C.S. by her initials to protect her privacy.

or person for a duration of 10 years.  In September 2022, C.S. called 911 and reported that Weiss had been staying with her and assaulted her.  She stated that Weiss "kicked [her]" and "beat [her] up again."  She explained that Weiss had tried to steal her purse after she refused to give him one of her cigarettes and, when she grabbed it back, a struggle ensued and he punched her two or three times and "knocked [her] tooth out."  She further reported that Weiss kicked her and dragged her by the legs across the ground over some rocks.

Law enforcement arrived at her residence within the hour and observed C.S.'s condition.  A sheriff's deputy testified that it looked as though she had been "rolling around in the dirt," had "some scrapes and stuff," and was upset.  A responding deputy took pictures of her injuries, including of her missing tooth and the abrasions and contusions to her jaw, arms, legs, and torso.

The State charged Weiss with committing assault in the second degree under RCW 9A.36.021(1)(a) and FVCO under RCW 7.105.450(4), both with domestic violence indicators as Weiss and C.S. were in an intimate relationship.[2]

The case proceeded to trial and, in its closing argument, the State asked the jury to find Weiss guilty of the assault charge because the evidence showed he committed an assault against C.S. that "recklessly" inflicted substantial bodily harm, pointing to the tooth Weiss punched out.  The State further asked the jury to find him guilty of the FVCO charge based upon Weiss' actions on the same date

---

[2] The State also charged, and a jury convicted, Weiss of misdemeanor violation of a court order based on a separate incident in May 2022.  Weiss assigns no error to that conviction.

(September 27, 2020) when "he clearly assaulted her." The State further argued that "[e]ach one of these pictures was taken right after this happened. The injuries to her neck that she describes in the 911 call; the injury to her hip occurring after she describes being dragged through a parking lot; the injury to her shoulder blade." Otherwise, nothing in the State's closing argument distinguished between the degree of the assault in the first and second counts.

The jury instructions also did not distinguish between the degrees of the assault in the separate counts and did not specify that the assault in the second count (FVCO) must be less than first or second degree assault.

The jury convicted Weiss as charged, and the court imposed its sentence in December 2022. Weiss timely appeals, challenging only the conviction for the FVCO, and not the conviction for assault.

## II.     ANALYSIS

This appeal centers on whether RCW 7.105.450(4) requires the State to ensure the jury bases an FVCO conviction on an assault other than one that "amounts to" an assault in the second degree. Pursuant to binding precedent, we hold that the State here was so required and did not meet its obligation.

### A.     Applicable Constitutional, Statutory, and Interpretive Law

The State's power to convict a criminal defendant is contingent upon convincing the factfinder the evidence "is sufficient to show beyond a reasonable doubt the existence of every fact necessary to constitute the crime charged." In re Winship, 397 U.S. 358, 363, 90 S. Ct. 1068, 1072, 25 L. Ed. 2d 368 (1970). The prosecution bears this burden under the due process clause of the Fourteenth

Amendment to the United States Constitution. State v. McCullum, 98 Wn.2d 484, 489, 656 P.2d 1064 (1983). Stated differently, a case that is missing any required element for a crime is constitutionally unsupportable. See State v. Byrd, 125 Wn.2d 707, 713, 887 P.2d 396 (1995).

As it is a question of constitutional law, this court reviews the sufficiency of evidence de novo. State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). We will reverse a conviction "where no rational trier of fact could find that all elements of the crime were proved beyond a reasonable doubt." State v. Smith, 155 Wn.2d 496, 501, 120 P.3d 559 (2005).

RCW 7.105.450(1)(a) classifies violations of inter alia domestic violence protection orders, such as the one here, as gross misdemeanors. However, a violation of such a protection order rises to the level of a felony, if the violation is an assault "*that does not amount to assault in the first or second degree* under" the statutes defining those crimes. RCW 7.105.450(4) (emphasis added) (citing RCW 9A.36.011 or 9A.36.021 respectively).

Washington courts "do not treat words in a statute as meaningless." State v. Tandecki, 153 Wn.2d 842, 847, 109 P.3d 398 (2005). We afford meaning to the words in a statute "even in those cases where the statute seems peculiar to us." Id. "If the language of a statute is clear on its face, courts must give effect to its plain meaning and should assume the Legislature means exactly what it says." State v. Chapman, 140 Wn.2d 436, 450, 998 P.2d 282 (2000). In other words, "[a] statute that is clear on its face is not subject to judicial interpretation." Id.

B.      Discussion

In State v. Azpitarte, 140 Wn.2d 138, 139, 995 P.2d 31 (2000), our Supreme Court addressed a claim directly on point to the issue raised in Weiss' appeal, so a close examination of the case is warranted. There, the State prosecuted Azpitarte after a violent altercation in which he assaulted a person more than once who was subject to a protective order against him. Id. Specifically, it charged Azpitarte with second degree assault for pulling the victim's hair, and it charged him with a FVCO. Id. at 140. The State expressly based the FVCO charge on an assault in the fourth degree (for pulling the victim's arm), earlier during the extended altercation, which the State did not charge. Id. Indeed, before trial, the State maintained it would solely rely on the facts of the (arm-pulling) assault in the fourth degree to prosecute the FVCO charge. Id.

At closing, however, the State invited the jury to use proof of either one of the assaults to find he committed the FVCO. Id. Further, as here, the jury instructions did not specify which assault or what degree of assault was necessary to convict him of this charge. Id. The jury returned guilty verdicts on both counts. Id.

Just like Weiss, Azpitarte was convicted of both assault in the second degree and of FVCO, and he appealed the latter. Id. He contended that the assault in the second degree could not be the predicate assault to convict him of FVCO because of the statutory language defining the felony. Id. at 140. The language in the statute in place at the time there is identical to the successor statute here, stating any violation of a protection order based on an assault must "not amount to assault in the first or second degree" to rise to the level of a felony.

Id. at 141.

Our Supreme Court agreed with Azpitarte. Id. at 140. Reviewing the statute de novo, the Court concluded this language was clear and unambiguous, holding "[t]he statute clearly excludes the use of first and second degree assaults to elevate violation of a no-contact order form a gross misdemeanor to a felony." Id. at 141. It repeated that the language "is unambiguous with respect to the issue in this case. The statute clearly states that second degree assault cannot serve as the predicate to make the violation a felony." Id.

Our Supreme Court also addressed this court's earlier ruling that had rejected this reading of the statute. Id. at 141-42. This court had concluded the statute did *not* prohibit using assault in the second degree as the predicate for a FVCO because we decided such a construction yielded results which made "no sense." State v. Azpitarte, 95 Wn. App. 721, 728, 976 P.2d 1256 (1999), vacated by 140 Wn.2d 138, 995 P.2d 31 (2000) ("Adopting Azpitarte's construction of subsection (b) would mean that in this case he would face only a gross misdemeanor charge for tearing out D.L.'s hair. Yet if he had twice before been convicted of pulling D.L.'s arm, and this case was his third arm-pulling incident, Azpitarte would face a class C felony punishment").

Our Supreme Court responded that, "without a showing of ambiguity, we derive the statute's meaning from its language alone." Azpitarte, 140 Wn.2d at 142. It held, "[b]y finding that any assault can elevate a violation of a no-contact order to a felony, the Court of Appeals reads out of the statute the requirement that the assault 'not amount to assault in the first or second degree.'" Id. The Court

emphasized, "[w]e will not delete language from a clear statute even if the Legislature intended something else but failed to express it adequately. No part of a statute should be deemed inoperative unless the result of obvious mistake." Id. And it concluded, "[t]here is no obvious mistake." Id.

And as to the remedy, our Supreme Court held that Azpitarte's FVCO conviction must be set aside because the jury "*could have* relied on Azpitarte's second degree assault in finding him guilty of felony violation of a court order." Id. (emphasis added).

The Court's holding in Azpitarte controls here, and its reasoning applies even more straightforwardly in Weiss' case. The jury there heard evidence of two distinct assaults. Azpitarte, 140 Wn.2d at 140. Here, the State implicitly concedes it charged Weiss and he was convicted on both counts "for the same incident." Therefore, under Azpitarte, it is plain we must vacate Weiss' conviction for FVCO because the jury here, at a minimum, "could have relied on" the assault in the second degree to convict him of the FVCO. 140 Wn.2d at 142. And, there was nothing in the State's argument or the jury instructions which distinguish between the degrees of the assault in the separate counts.

Subsequent cases have reconfirmed the holding in Azpitarte. In State v. Ward, 148 Wn.2d 803, 805, 64 P.3d 640 (2003), our Supreme Court considered a challenge to simple convictions for FVCO. The defendants, in a consolidated case, each claimed that the State did not disprove the FVCO charges were not assaults in the first or second degree. Id. at 806. The Court rejected the contention that Azpitarte requires the State to *disprove* assault in the first or second degree

7

in order to convict a defendant of FVCO in *all* cases. Id. at 813. But, it upheld the rule that such assaults cannot serve as the basis for FVCO convictions, finding that the law "explain[s] that all assaults committed in violation of a no-contact order will be penalized as felonies." Id.

The Court stressed that "[d]ue process *does* require the State to prove every fact necessary to constitute the charged crime beyond a reasonable doubt." Id. at 814. But it concluded, "[i]n *this* case, however, . . . the State did *not* additionally charge first or second degree assault. Accordingly, all elements of the crime were submitted to the jury for a finding beyond a reasonable doubt." Id. (emphasis added). More directly, our Supreme Court held, "proof that the predicate assault 'does not amount to assault in the first or second degree' . . . *is required* . . . when the State additionally charges first or second degree assault." Id. (emphasis added). While it was not the situation in Ward, that is precisely the situation here.

Most recently, this court in State v. Heutink, 12 Wn. App. 2d 336, 350-51, 458 P.3d 796 (2020) examined our Supreme Court's holdings in Azpitarte and Ward. We rejected Heutink's attempt to contort their reasoning in interpreting a similar stalking statute, accurately noting "the court vacated Azpitarte's conviction because the jury may have relied on his second degree assault conviction instead of an uncharged fourth degree assault in finding him guilty of felony violation of a no-contact order." Id. at 350. Most directly, we described our Supreme Court's holding in Ward to mean that, "if a defendant is charged and convicted of first or second degree assault, the statute *proscribes* the use of *that assault* to enhance a no-contact violation to a felony." Id. (emphasis added). Finally, we explained

that the legislature's purpose behind the provision was for no contact violations to always be prosecuted as felonies when an assault is committed, and there was no need to increase the penalty for first or second degree assault because both of those crimes are already felonies. Id. at 351.

In summary, the Court in Azpitarte clearly dictated that, if a defendant is charged and convicted of first or second degree assault, we must reverse if the jury could have used those convictions as the basis for a conviction for FVCO.

In response, the State makes a number of arguments we address briefly.

First, the State argues that Azpitarte was "wrongly decided in the first place" and we should "reconsider" its principle holdings. It claims we can—and must—because the precedent "has been shown to be incorrect and harmful[.]" As an intermediate appellate court, we have no authority to simply disregard a decision of our Supreme Court as we "are bound to follow that controlling precedent." State v. Wallin, 125 Wn. App. 648, 664, 105 P.3d 1037 (2005).

Second, the State claims the Court in Azpitarte and Ward ignored legislative intent. Again, in each case, our Supreme Court has found the legislative intent of the statute. For example, the Ward Court concluded the purpose of the statute was to ensure "assaultive violations of no-contact orders" were treated as felonies, and that this reading was consistent with the legislature's intent because an assault that is charged as assault in the first or second degree is already charged as a felony. Ward 148 Wn.2d at 813. What's more, we need not reach the question of constructing legislative intent when the statutory language is clear, as Azpitarte held that it is. Am. Disc. Corp. v. Shepherd, 160 Wn.2d 93, 98, 156 P.3d 858

9

(2007); Azpitarte, 140 Wn.2d at 142.

Likewise, the State contends we should depart from the Court's reading because it leads to absurd results. Azpitarte expressly rejected this very argument, holding "there was no obvious mistake." 140 Wn.2d at 142.

Third, the State argues that Azpitarte's analysis "predated the applicability" of what is currently RCW 7.105.565, which it claims should change our understanding of the "does not amount to" provision. RCW 7.105.565(1) directs that "[a]ny proceeding under this chapter is in addition to other civil or criminal remedies." The State avers that this broad language creates an ambiguity regarding how to construct the "does not amount to" language and that it is a possible interpretation that the legislature intended to allow separate punishments for assault in the second degree and FVCO for the same conduct.

While the statutory scheme has been amended and revised over time, the "does not amount to" language has remained the same. See RCW 7.105.450(4). Azpitarte considered the same material terms governing Weiss' appeal. Moreover, "[t]his court presumes that the legislature is aware of judicial interpretations of its enactments and takes its failure to amend a statute following a judicial decision interpreting that statute to indicate legislative acquiescence in that decision." City of Federal Way v. Koenig, 167 Wn.2d 341, 348, 217 P.3d 1172 (2009). Even supposing, as the State argues, that there is any statutory ambiguity, the Supreme Court has held that a general statutory provision must yield to a more specific statutory provision. Wash. Ass'n of Counties v. State, 199 Wn.2d 1, 13, 502 P.3d 825 (2022). In other words, where there is possible conflict, we will treat a more

10

specific statute as an exception to, or qualification of the more general one, regardless of the timing of when it was passed. Id. Like our Supreme Court, we decline to engage in statutory interpretation when a party makes efforts "to read ambiguities" into language that is clear and unambiguous. Chapman, 140 Wn.2d at 450-51.

Finally, the State argues its reading of the statute does not violate double jeopardy. While that may or may not be true, that point does not explain how the "same" assault can be punished as assault in the second degree and as a FVCO, despite the plain language of the statute. The cases it cites are simply inapposite, as the issue before us is, not whether Weiss' conviction violates double jeopardy, but rather, whether the State met its constitutional burden of proof on the FVCO.[3]

### III. CONCLUSION

We vacate Weiss' conviction of FVCO and remand this matter for further proceedings consistent with this opinion, including at a minimum, resentencing. This court also directs the court to strike the VPA from his judgment and sentence.

Díaz, J.

WE CONCUR:

Birk, J.

Smith, C.J.

---

[3] Weiss also assigns error to the court's imposition of a $500 victim penalty assessment (VPA). The State concedes that the VPA should be stricken under the amended, current version of RCW 7.68.035.