[No. 46848-1-I.   Division One.   July 16, 2001.]

J.D. TAN, L.L.C., *Appellant*, v. WILLIAM C. SUMMERS, ET AL., *Respondents*.

*William K. McInerney, Jr.* (of *McInerney & Baker*), for appellant.

*David L. Ashbaugh* and *Todd C. Hayes* (of *Stanislaw, Ashbaugh, L.L.P.*), for respondents.

WEBSTER, J. — Appellant, a collection agency, appeals from a ruling denying a preliminary injunction on the ground that assignees may not extend judgments under RCW 6.17.020(3), and an order vacating the judgments for the same reason. Because assignees are excluded from the benefits of RCW 6.17.020(3), we affirm.

## FACTS

On March 30, 1990, two final judgments were entered against respondent Summers and his business partners, James Summers and Darrell Fischer (and against each of their wives), in favor of Evergreen Park of Redmond Limited Partnership and Creekside of Kirkland Limited Partnership. The judgments were in the respective amounts of $1,079,071.74 and $673,695.52.

On February 11, 2000, the two judgments entered in favor of Evergreen Park and Creekside were assigned to Judgment Services, a collection agency. On February 17, 2000, Judgment Services obtained a court order extending the judgments for an additional 10 years pursuant to RCW 6.17.020(3).

On May 17, 2000, the judgments were assigned to the appellant, J.D. Tan, LLC.

On May 22, 2000, J.D. Tan commenced proceedings to enforce the judgments by filing a motion for a temporary restraining order (TRO) seeking to enjoin Summers from transferring, encumbering, or disposing of certain assets pending execution upon the judgments. Simultaneously, J.D. Tan moved for an order to show cause why the TRO

should not be converted to a preliminary injunction. On May 22, 2000, the motion for the TRO was granted.

On June 15, 2000, following a show cause hearing, the appellant's request for a preliminary injunction was denied. The trial court held that, under RCW 6.17.020(3), an assignee has no authority to extend a judgment beyond its original 10-year term. The trial court reasoned:

> RCW 6.17.020(1) allows a party "or the assignee" to collect on a judgment within ten years. RCW 6.17.020(3) omits the phrase "or the assignee" when identifying who may extend that original judgment for another ten years.
>
> This Court agrees that if the drafters of the revisions to RCW 6.17.020 which were ultimately codified in RCW 6.17.020(3) had been thinking clearly, both they and the entities testifying in favor of the amendments would have agreed to add the words "or the assignee" to the phrase "a party in whose favor a judgment has been rendered" in order to permit assignees to extend the ten-year period. Nonetheless, such an omission is not a mere clerical error which the Court can unilaterally "correct." A court must enforce unambiguous statutes as written, not as they could have been written if the drafters had been thinking clearly.

Clerk's Papers at 653.

Summers then moved for a declaratory judgment vacating the February 17, 2000 order extending the judgments and declaring the judgments void as a matter of law. This motion was granted on June 21, 2000.

After appellant's motions for reconsideration were denied, this appeal followed.

## DISCUSSION

■ The present appeal presents a question of law regarding the interpretation of a statute. Questions of statutory construction are reviewed de novo.[1]

RCW 6.17.020(3) provides that

---

[1] *State v. Ammons*, 136 Wn.2d 453, 456, 963 P.2d 812 (1998).

a party in whose favor a judgment has been rendered pursuant to subsection (1) or (4) of this section may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment for an order granting an additional ten years during which an execution may be issued.

■ When a statute is clear and unambiguous, its meaning is to be derived from the language of the statute alone and it is not subject to judicial construction.[2]

■ Appellants argue that the trial court erred in finding that the statute is unambiguous and so not subject to interpretation. A statute is "ambiguous" and thus requires judicial interpretation whenever it is susceptible to more than one reasonable interpretation.[3]

■ This statute is not ambiguous. The statute clearly refers to "a party in whose favor a judgment has been rendered" as the only person that may extend a judgment. The statute cannot reasonably be understood to apply to assignees of judgments as well as to original judgment creditors. Since the statute is not amenable to more than one interpretation, it is not ambiguous, and the trial court did not err in enforcing it as written.

A majority of the panel has determined that the remainder of this opinion lacks precedential value and will not be published in the Washington Appellate Reports but will be filed of public record in accord with RCW 2.06.040.

COLEMAN and COX, JJ., concur.

---

[2] *Wash. State Coalition for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wn.2d 894, 904, 949 P.2d 1291 (1997).

[3] *Vashon Island Comm. for Self-Gov't v. Wash. State Boundary Review Bd.*, 127 Wn.2d 759, 771, 903 P.2d 953 (1995).