[No. 54017-3-I.   Division One.   August 8, 2005.]

AMERICAN DISCOUNT CORPORATION, *Plaintiff*, UNITED
COLLECTION SERVICE, INC., *Respondent*, v.
W. AUSTIN SHEPHERD, JR., ET AL.,
*Appellants.*

*Marc S. Stern*, for appellants.
*Walter D. Palmer*, for respondent.

¶1 APPELWICK, J. — A judgment was entered in 1986 against appellant Joy Shepherd and her husband. The judgment creditor assigned it to United Collection Service, Inc., in 1987. In 1996, prior to its expiration date, United obtained an order extending the judgment for 10 years. In 2001, the Court of Appeals determined that under then-existing statutory law, only judgment creditors could seek extension orders; assignees could not. Shepherd argues the extension was therefore void and the judgment expired. United argues that subsequent statutory amendments in 2002 retroactively validated the 1996 extension. We hold that the judgment expired on its 10-year anniversary in 1996 and cannot be revived. We reverse.

## FACTS

¶2 On August 21, 1986, a judgment was entered in favor of American Discount, Inc. The judgment debtors were W. Austin Shepherd, Jr., and Jane Doe Shepherd, husband and wife.[1] It is uncontested that Joy Shepherd is Jane Doe Shepherd (Shepherd). On October 15, 1987, American Discount assigned the judgment to United Collection Service. United did not collect on the judgment within 10 years of its entry. On July 8, 1996, United obtained an order extending the judgment for 10 years and the judgment was reset to expire in 2006. On January 29, 2004, United moved to appoint an appraiser for Joy Shepherd's real property, on which an execution was levied and for which she claimed a homestead exemption.

¶3 Shepherd moved to vacate the 1996 extension as void ab initio, arguing that existing law in 1996 permitted only

---

[1] Shepherd asks that this court clarify the judgment and determine that it named the marital community and not Joy Shepherd individually as judgment debtor. Shepherd did not seek this relief in her motion to vacate the order extending the judgment. She attempted to bring it in below by raising it in the reply brief for that motion. The issue was not properly raised before the trial court, and the trial court did not rule on it. The issue is not properly before this court. Furthermore, the only evidence in the record on the underlying matter is the summary judgment order itself, which specifically and separately names W. Austin Shepherd, Jr., Jane Doe Shepherd, and their marital community as judgment debtors. There is no basis in the record to grant the relief requested.

a judgment creditor, not its assignee, to extend judgments. In 1996, RCW 6.17.020 permitted judgment creditors to extend the time for expiration of a judgment:

> (1) Except as provided in subsections (2), (3), and (4) of this section, the party in whose favor a judgment of a court of record of this state or a district court of this state has been or may be rendered, or the assignee, may have an execution issued for the collection or enforcement of the judgment at any time within ten years from entry of the judgment.
>
> . . . .
>
> (3) After June 9, 1994, a party in whose favor a judgment has been rendered pursuant to subsection (1) or (4) of this section may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment for an order granting an additional ten years during which an execution may be issued.

RCW 6.17.020 (1996).

¶4 RCW 6.17.020(3) was amended effective June 13, 2002 to give assignees as well as judgment creditors the right to obtain an extension:

> (3) After June 9, 1994, a party in whose favor a judgment has been filed as a foreign judgment or rendered pursuant to subsection (1) or (4) of this section, *or the assignee or the current holder thereof*, may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment or to the court where the judgment was filed as a foreign judgment for an order granting an additional ten years during which an execution, garnishment, or other legal process may be issued.

RCW 6.17.020(3) (emphasis added); *see* LAWS OF 2002, ch. 261. The 2002 amendments explicitly provide for retroactive application:

> (8) The chapter 261, Laws of 2002 amendments to this section apply to all judgments currently in effect on June 13, 2002, *to all judgments extended after June 9, 1994*, unless the judgment has been satisfied, vacated, and/or quashed, and to all judgments filed or rendered, or both, after June 13, 2002.

RCW 6.17.020(8) (emphasis added).

¶5 United argues that the 2002 amendments retroactively validated the 1996 extension, and the judgment had therefore not expired. The trial court denied Shepherd's motion to vacate the order extending the judgment. Shepherd appeals.

## ANALYSIS

I. The Judgment Expired in 1996 and Cannot Be Revived

¶6 Questions of statutory construction are reviewed de novo. *J.D. Tan, L.L.C. v. Summers*, 107 Wn. App. 266, 268, 26 P.3d 1006 (2001). A statute is ambiguous when it is susceptible to more than one reasonable interpretation. *J.D. Tan*, 107 Wn. App. at 269. A clear, unambiguous statute is not subject to judicial construction and its meaning must be derived from its language. *J.D. Tan*, 107 Wn. App. at 269.

¶7 While former RCW 6.17.020 (1996) allowed both judgment creditors and their assignees to execute on a judgment, only judgment creditors were permitted to apply for an extension order. *Compare* former RCW 6.17.020(1) (1996) *with* former RCW 6.17.020(3) (1996). In *J.D. Tan*, this court held that assignees were excluded from the benefits of former RCW 6.17.020(3). *J.D. Tan*, 107 Wn. App. at 267. The statute specifically entitled assignees to execute on judgments in section (1), but did not give assignees the right to extend judgments in section (3). *J.D. Tan*, 107 Wn. App. at 268. The court noted that although the legislature probably intended to give assignees the power to extend, the statute was not written to do so. *J.D. Tan*, 107 Wn. App. at 268. Because the statute was not subject to more than one reasonable interpretation, and thus not ambiguous, it was not susceptible to judicial construction. *J.D. Tan*, 107 Wn. App. at 268-69. The court held that it should be enforced as written: only judgment creditors, and not assignees, were entitled to extend judgments under RCW 6-.17.020(3). *J.D. Tan*, 107 Wn. App. at 269.

■ ¶8 The court in *J.D. Tan* vacated extensions obtained by an assignee under the 1996 version of the statute, and declared the judgments void as a matter of law. *J.D. Tan*, 107 Wn. App. at 267-68. The same circumstances exist in this case. American Discount was the judgment creditor, and United was its assignee. United had no authority under former RCW 6.17.020(3) (1996) to seek an order extending the judgment. Thus, under *J.D. Tan*, the judgment expired in 1996 and the order extending the judgment should have been vacated.

¶9 United argues that the 2002 amendments changed only a procedure in the enforcement of judgments and that the judgment itself did not expire. United classifies the 10-year limitations period in former RCW 6.17.020 as a "statute of limitation," citing cases which refer to it as such. *See, e.g.*, *In re Marriage of Capetillo*, 85 Wn. App. 311, 317, 932 P.2d 691 (1997); *In re Marriage of Hunter*, 52 Wn. App. 265, 270, 758 P.2d 1019 (1988). Courts have consistently held that when a statute of limitation expires, the underlying claim continues to exist even though the claimant cannot use the power of the courts to enforce it. *See, e.g.*, *Stenberg v. Pac. Power & Light*, 104 Wn.2d 710, 714, 709 P.2d 793 (1985); *Walcker v. Benson & McLaughlin*, 79 Wn. App. 739, 904 P.2d 1176 (1995). United argues that former RCW 6.17.020 only limited the right to obtain a writ of execution, and the legislature could retroactively change a procedure allowing the enforcement of the still-valid judgment.

¶10 But, when the allowable period to execute on a judgment expires, the judgment lien ceases to exist and no action can be taken under the judgment:

> (1) Except as provided in subsections (2) and (3) of this section, after the expiration of ten years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor. No suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien shall be extended or continued in force for any greater or longer period than ten years.

RCW 4.56.210.[2] RCW 4.56.210(3) provides that if a judgment is extended under former RCW 6.17.020, the judgment lien remains in force until expiration of the extended period.

¶11 "A judgment lien is born by statute, and dies by statute." *Grub v. Fogle's Garage, Inc.*, 5 Wn. App. 840, 843, 491 P.2d 258 (1971) (citation omitted); *see also Mueller v. Miller*, 82 Wn. App. 236, 247, 917 P.2d 604 (1996). In *Grub*, the judgment creditor obtained a writ of execution prior to the expiration of the judgment lien.[3] But, the sheriff's sale was not completed before the judgment lien expired. *Grub*, 5 Wn. App. at 840-41. The *Grub* court held that when the lien expired, any execution that was not completed also expired. *Grub*, 5 Wn. App. at 843. RCW 4.56.210 was " 'not a mere statute of limitation affecting a remedy only.' " *Grub*, 5 Wn. App. at 842 (quoting *Roche v. McDonald*, 136 Wash. 322, 326, 239 P. 1015 (1925) (discussing a predecessor of RCW 4.56.210 that contained essentially the same language)). The court held that the statute takes away all right of action under the judgment:

> "It not only makes a judgment cease to be a 'charge against the person or estate of the judgment debtor' after six years from the rendering of the judgment, but also in terms expressly takes away all right of renewal of or action upon the judgment looking to the continuation of its duration or that of the demand on which it rests, for a longer period than six years from the date of its rendition."

*Grub*, 5 Wn. App. at 842 (quoting *Roche*, 136 Wash. at 326).

¶12 Thus, expiration of the 10-year period extinguishes not only a remedy but also the right of action on the judgment. This is the effect of a nonclaim statute:

> There are two types of statutes which the courts had to apply. One of them is the statute which either by its plain terms or by the construction given it by the court makes the limitation of time inhere in the right or obligation rather than the

---

[2] RCW 4.56.210(2) addresses child support judgments.

[3] At the time, the limitation period was six years. *Grub*, 5 Wn. App. at 841-42.

remedy. It is sometimes referred to as a statute of nonclaim, and, strictly speaking, is not a statute of limitations at all. In its usual form the statute creates some right or obligation and a time is fixed within which the right must be asserted or the obligation sought to be enforced, or the same will be barred. *When the limitation period expires the right or obligation is extinguished and cannot be revived by a subsequent statute enlarging the time limitation.*

. . . .

The other type of statute is one which relates only to the remedy and has nothing to do with any right or obligation, does not inhere in either, and is wholly independent of them. It is a statute of limitations in its strict sense, and, although a remedy may become barred thereunder, the right or obligation is not extinguished. It is a statute of repose.

There is no constitutional inhibition against the revival of a barred remedy.

*Lane v. Dep't of Labor & Indus.*, 21 Wn.2d 420, 425-26, 151 P.2d 440 (1944) (emphasis added).

¶13 RCW 4.56.210 is a nonclaim statute, not a statute of limitation. *See Bellevue Sch. Dist. No. 405 v. Brazier Constr. Co.*, 103 Wn.2d 111, 117, 691 P.2d 178 (1984) (listing chapter 4.56 RCW as an example of a nonclaim statute and noting that such statutes create a right together with an obligation to assert it within a certain time or be barred from enforcing it); *Ticor Title Ins. v. Nissell*, 73 Wn. App. 818, 821-22, 871 P.2d 652 (1994) (holding that the time limit set forth in RCW 4.56.210(1) is not an ordinary statute of limitations, and at the end of the period the lien ceases to exist and it is no longer possible to execute against it). RCW 4 .56.210 extinguished the judgment lien and prohibits any claim under a judgment after the 10 year period, or any extended period, has expired. By its express terms, RCW 4.56.210 prohibits revival of an expired judgment.

¶14 Here, the 1986 judgment expired in 1996 because United's attempted extension was void. Thus, under RCW 4.56.210, the judgment lien and United's right to bring a claim under the judgment were extinguished in 1996, on

the 10-year anniversary of the judgment. The judgment creditor did not extend the judgment. The judgment expired. It cannot be revived.

## II. The Legislature Cannot Constitutionally Revive the Judgment by Retroactive Amendment

¶15 It is a basic rule of judicial restraint that the issue of the constitutionality of a statute will not be passed upon if the case can be decided without reaching that issue. *City of Kirkland v. Steen*, 68 Wn.2d 804, 809-10, 416 P.2d 80 (1966); *see also City of Seattle v. Williams*, 128 Wn.2d 341, 347, 908 P.2d 359 (1995). We hold that the judgment expired and cannot be revived under the nonclaim statute and therefore we do not need to address the constitutionality of the 2002 amendments. We believe it is nonetheless desirable here to explain why the legislature could not constitutionally revive the judgment by retroactive amendment.

¶16 United argues that the 2002 amendments retroactively validated its 1996 extension and thus the judgment has not expired; the text of the 2002 amendments shows that the legislature expressly intended that it have retroactive effect; former RCW 6.17.020(3) provides that assignees of the judgment creditor can seek an extension after June 9, 1994; and former RCW 6.17.020(8) states that the amendments apply to all judgments extended after June 9, 1994.

¶17 A statutory amendment is presumed to be prospective in application. *In re Pers. Restraint of Stewart*, 115 Wn. App. 319, 332, 75 P.3d 521 (2003). This presumption can be overcome and a statutory amendment will be applied retroactively if the legislature intended retroactivity, if the amendment is curative, or if the amendment is remedial. *Barstad v. Stewart Title Guar. Co.*, 145 Wn.2d 528, 536-37, 39 P.3d 984 (2002); *Stewart*, 115 Wn. App. at 332. Because the legislature intended that the 2002 amendments have retroactive effect, it is not necessary to determine whether the amendments are curative or remedial. Notwithstanding

the express legislative intent, an amendment will apply only prospectively if retroactive application would violate a constitutional prohibition. *Stewart*, 115 Wn. App. at 333. Thus, the 2002 amendments can be given retroactive effect as long as retroactive application does not violate any constitutional prohibition.

¶18 The legislature is presumed to be aware of judicial constructions of existing statutes. *Hazel v. Van Beek*, 135 Wn.2d 45, 58, 954 P.2d 1301 (1998). An attempt by the legislature to retroactively change a statute in contravention of an existing judicial construction of that statute raises separation of powers issues:

> Petitioner cites no authority for the proposition that the legislature is empowered to retroactively "clarify" an existing statute, when that clarification contravenes the construction placed upon that statute by this court. Such a proposition is disturbing in that it would effectively be giving license to the legislature to overrule this court, raising separation of powers problems.

*Johnson v. Morris*, 87 Wn.2d 922, 926, 557 P.2d 1299 (1976).

¶19 In *Stewart*, the court considered the retroactive application of statutory amendments. In a 2001 decision, the Washington State Court of Appeals had interpreted a statute and held that the statute allowed only the courts, and not the Department of Corrections (DOC), to impose the special probation conditions set out in the statute. *Stewart*, 115 Wn. App. at 326 (citing *In re Pers. Restraint of Capello*, 106 Wn. App. 576, 24 P.3d 1074 (2001)). In 2002, the legislature amended the statute. *Stewart*, 115 Wn. App. at 329. The text of the amendment explicitly stated that it would apply retroactively, and the statutory history showed the legislature had this intent. *Stewart*, 115 Wn. App. at 330-31, 333. The legislature intended the amendment to clarify the law after *Capello* and affirm that since its initial enactment in 1998, the statute had given the DOC authority to impose those conditions. *Stewart*, 115 Wn. App. at 330.

¶20 The amendment was in direct contravention of the *Capello* court's construction of the statutory scheme in effect prior to its effective date. *Stewart*, 115 Wn. App. at 334. The *Stewart* court noted that the legislative amendment was attempting to overrule *Capello*. *Stewart*, 115 Wn. App. at 334. The *Stewart* court held that retroactive application of those amendments would "violate the constitutional separation of powers doctrine because the legislative branch of government cannot retroactively overrule a judicial decision which authoritatively construes statutory language." *Stewart*, 115 Wn. App. at 335. To apply the amendment retroactively would essentially make the legislature a " 'court of last resort.' " *State v. Dunaway*, 109 Wn.2d 207, 216 n.6, 743 P.2d 1237 (1987) (quoting 1A C. DALLAS SANDS, STATUTES AND STATUTORY CONSTRUCTION § 27.04, at 464 (Norman J. Singer ed., 4th ed. 1985)).

¶21 The application of the separation of powers principle is not limited to decisions of the Washington Supreme Court but of the judiciary as a whole. *Stewart*, 115 Wn. App. at 336. Where the Supreme Court has not addressed an issue, an existing Court of Appeals decision is the law that must be followed on the issue. *Stewart*, 115 Wn. App. at 336. The *Stewart* court noted that in addressing the issue of legislative contravention of judicial statutory construction, the Supreme Court itself had used language that can be interpreted to mean that the separation of powers analysis includes contravention of a construction by the Court of Appeals. *Stewart*, 115 Wn. App. at 337 (citing *Barstad*, 145 Wn.2d at 537; *In re F.D. Processing, Inc.*, 119 Wn.2d 452, 461, 832 P.2d 1303 (1992); *Tomlinson v. Clarke*, 118 Wn.2d 498, 510-11, 825 P.2d 706 (1992); *Wash. Waste Sys. v. Clark County*, 115 Wn.2d 74, 79, 794 P.2d 508 (1990); *State v. Jones*, 110 Wn.2d 74, 82, 750 P.2d 620 (1988); and *Dunaway*, 109 Wn.2d at 216 n.6)); *see also State v. Dean*, 113 Wn. App. 691, 698, 54 P.3d 243 (2002).

¶22 Retroactive application of a statutory amendment that contravenes a judicial construction of the prior version of the statute would be unconstitutional. *Stewart*, 115 Wn. App. at 339. Here, in 2001 the *J.D. Tan* court had inter-

preted RCW 6.17.020(3), as it existed prior to the 2002 amendments, to permit only judgment creditors, and not assignees, to obtain an extension of a judgment. *J.D. Tan*, 107 Wn. App. at 267. The legislature attempted to substantively change the statute that existed before the 2002 amendments, after the *J.D. Tan* court had construed it. Notwithstanding any legislative intent to apply the amendment retroactively, the separation of powers doctrine prevents the legislature from retroactively changing a statute in contravention of judicial construction of the original statute, and the 2002 amendments may have only prospective application. *See Stewart*, 115 Wn. App. at 342. Because the 2002 amendments cannot be applied retroactively, they do not validate the 1996 extension attempted by United. The 1986 judgment thus expired in 1996. United cannot collect on the judgment.

¶23 We reverse.

ELLINGTON, A.C.J., and BAKER, J., concur.

Reconsideration denied October 14, 2005.

Review granted at 157 Wn.2d 1012 (2006).