156 P.3d 858 (2007)
AMERICAN DISCOUNT CORPORATION, a Washington corporation, Plaintiff,
v.
W. Austin SHEPHERD, Jr. and Joy L. Shepherd, husband and wife, Respondents, and
United Collection Service, Inc., Petitioner.
No. 77974-1.
Supreme Court of Washington, En Banc.
Argued October 24, 2006.
Decided April 19, 2007.
Walter David Palmer Sr., Seattle, WA, for Petitioner.
Marc S. Stern, Seattle, WA, for Respondents.
*859 C. JOHNSON, J.
¶ 1 This is a case of statutory interpretation and involves RCW 6.17.020 which establishes authority for extension of judgments. This case also involves the interplay between RCW 4.56.210, which establishes a time limit for judgment enforceability, and RCW 6.13.090, which concerns homestead exemptions. The Court of Appeals held that (1) an assignee of a judgment was not statutorily authorized to extend a judgment under former RCW 6.17.020 (1995), and (2) the legislature's 2002 amendments to RCW 6.17.020 did not revive an expired judgment. Based on its conclusions, the Court of Appeals dismissed United Collection Service's collection action against Joy and Austin Shepherd, holding that the judgment expired in 1996 and could not be revived by a later statutory amendment. We affirm the Court of Appeals.

FACTUAL AND PROCEDURAL HISTORY
¶ 2 On August 21, 1986, a judgment was entered in favor of American Discount Corporation against Joy and Austin Shepherd (Shepherd). On October 15, 1987, American Discount assigned the judgment to United Collection Service (United). On July 8, 1996, United obtained an order extending the judgment for 10 years to 2006 pursuant to former RCW 6.17.020. In 2002, the legislature amended RCW 6.17.020, amended by Laws of 2002, ch. 261, § 1, to allow assignees to extend judgments, and for that authority to apply retroactively to 1994.[1]
¶ 3 On January 29, 2004, United moved to appoint an appraiser for Shepherd's real property, on which an execution was levied and for which Shepherd claimed a homestead exemption. In response, Shepherd moved to vacate the 1996 extension as void, relying on J.D. Tan, L.L.C. v. Summers, 107 Wash. App. 266, 26 P.3d 1006 (2001), where the Court of Appeals held that under former RCW 6.17.020 (1995), only an original creditor, not an assignee, could obtain an extension of judgment.
¶ 4 The superior court denied Shepherd's motion and appointed an appraiser. Shepherd appealed. The Court of Appeals reversed and held that United's initial 10 year period to execute on the judgment expired in 1996. The court relied on the decision in J.D. Tan, which voided extensions obtained by assignees under the 1996 version of the statute, rendering United's judgment void as a matter of law. In addition, the court held, pursuant to RCW 4.56.210, the judgment lien and United's right to bring a claim under the judgment were extinguished in 1996.
¶ 5 We granted United's petition for review. Am. Disc. Corp. v. Shepherd, 157 Wash.2d 1012, 139 P.3d 350 (2006).

ISSUES
A. Whether the Court of Appeals erred in holding that, pursuant to RCW 4.56.210, the 1986 judgment expired and could not be revived.
B. Whether the legislature can revive the judgment by retroactive amendment to RCW 6.17.020.

ANALYSIS
¶ 6 RCW 6.17.020 authorizes execution on a judgment within a 10 year period and provides for a one time extension of the judgment for another 10 years. Former RCW 6.17.020 allowed both judgment creditors and their assignees to execute on a judgment, but only judgment creditors were permitted to apply for an extension order.
¶ 7 The relevant portions of the former statute provide:
(1) Except as provided in subsections (2), (3), and (4) of this section, the party in whose favor a judgment of a court . . . has been or may be rendered, or the assignee, may have an execution issued for the collection or enforcement of the judgment at any time within ten years from entry of the judgment.
Former RCW 6.17.020 (emphasis added).

*860 (3) [A] party in whose favor a judgment has been rendered pursuant to subsection (1) or (4) of this section may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment for an order granting an additional ten years during which an execution may be issued.
Former RCW 6.17.020 (emphasis added).
The current version of subsection (3) provides:
After June 9, 1994, a party in whose favor a judgment has been filed as a foreign judgment or rendered pursuant to subsection (1) or (4) of this section, or the assignee or the current holder thereof, may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment or to the court where the judgment was filed as a foreign judgment for an order granting an additional ten years during which an execution, garnishment, or other legal process may be issued.
RCW 6.17.020(3) (emphasis added).
¶ 8 In J.D. Tan, the Court of Appeals held that assignees were excluded from the authority of former RCW 6.17.020(3). J.D. Tan, 107 Wash.App. at 267, 26 P.3d 1006. The Court of Appeals below, citing former RCW 6.17.020, and relying on J.D. Tan[2] held that United's initial 10 year period to execute on the Shepherd judgment expired in 1996 and the extension was without statutory authority.
¶ 9 If a statute is unambiguous,[3] its meaning is to be derived from the language of the statute alone. Wash. State Coal. for the Homeless v. Dep't of Soc. & Health Servs., 133 Wash.2d 894, 904, 949 P.2d 1291 (1997). In former RCW 6.17.020(1), the statute expressly provided authority for a party or an assignee to execute on a judgment. In former RCW 6.17.020(3), the statute granted authority only to a party to seek an additional 10 year extension on a judgment. The only reasonable interpretation for this difference in language is that assignees did not have authority to extend judgments. The Court of Appeals correctly held that in 1996, United lacked statutory authority to extend its judgment. The issue then becomes whether the legislature can "retroactively" provide the necessary statutory authority.
¶ 10 United argues that the legislature intended its 2002 amendments to RCW 6.17.020 to apply retroactively, in effect validating United's 1996 extension. The text of the 2002 amendments expressly states the legislature's retroactive intent. The relevant portion of the amended statute provides:
The chapter 261, Laws of 2002 amendments to this section apply to all judgments currently in effect on June 13, 2002, to all judgments extended after June 9, 1994, unless the judgment has been satisfied, vacated, and/or quashed. . . .
RCW 6.17.020(8).
¶ 11 The relevant inquiry is whether the legislature can revive an expired judgment by retroactive amendment. Retroactive application of statutes is generally disfavored. Barstad v. Stewart Title Guar. Co., 145 Wash.2d 528, 39 P.3d 984 (2002). A statute is presumed to apply prospectively unless it is remedial in nature or unless the legislature provides for retroactive application; a remedial statute is one which relates to practice, procedures, and remedies and can be applied retroactively when it does not affect a substantive or vested right. State v. McClendon, 131 Wash.2d 853, 861, 935 P.2d 1334 (1997).
¶ 12 Here, notwithstanding the express legislative intent that the amendment be applied retroactively, the amendment cannot so apply if it affects a substantive right. The legislature created such a substantive right when it provided for the cessation of a lien in chapter 4.56 RCW; thus, retroactive application of RCW 6.17.020(3) directly affects the substantive right created by RCW 4.56.210. The relevant portion of the statute provides:
(1) [A]fter the expiration of ten years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or *861 charge against the estate or person of the judgment debtor. No suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien shall be extended or continued in force for any greater or longer period than ten years.
. . . .
(3) A lien based upon an underlying judgment continues in force for an additional ten-year period if the period of execution for the underlying judgment is extended under RCW 6.17.020.
RCW 4.56.210.
¶ 13 Here, the assignee's judgment expired in 1996 because its attempted extension was void. American Discount, the original judgment creditor that assigned the judgment to United in 1986, did not extend the judgment. Thus, under RCW 4.56.210, the judgment ceased to be a lien or a charge against Shepherd once the 10 year period for executing United's judgment had expired; and, no suit, action, or other proceeding could be brought against Shepherd once the time for execution expired. Therefore, the judgment lien and United's right to bring a claim under the judgment were extinguished in 1996.
¶ 14 In addition to the argument concerning RCW 6.17.020, United argues the Court of Appeals erred in holding that, pursuant to RCW 4.56.210, the 1986 judgment expired and could not be revived.
¶ 15 Specifically, United argues that RCW 4.56.210 does not apply to this case. United asserts that its lien on the excess value of Shepherd's homestead is created by RCW 6.13.090, not RCW 4.56.210, and that somehow the time for execution is different under RCW 6.13.090. We disagree. RCW 4.56.210 is clear; after the expiration of 10 years of "any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor." RCW 4.56.210(1) (emphasis added). Chapter 4.56 RCW and chapter 6.17 RCW complement each other. In fact, RCW 6.17.020 is explicitly referred to in RCW 4.56.210. No language within RCW 6.13.090 affects the operation of RCW 4.56.210.
¶ 16 We affirm the Court of Appeals.
WE CONCUR: GERRY L. ALEXANDER, C.J., TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, RICHARD B. SANDERS, JAMES M. JOHNSON, BOBBE J. BRIDGE, JJ.
MADSEN, J. (dissenting).
¶ 17 The majority's perfunctory discussion of RCW 6.17.020 is contrary to the legislature's intent and wholly at odds with bedrock principles concerning the rights of an assignee. Therefore, I dissent.
¶ 18 At the time American Discount Corporation assigned the judgment against Joy and W. Austin Shepherd to United Collection Service, RCW 6.17.020 provided that a party or assignee could execute on a judgment for 10 years from the entry of the judgment. The statute also provided that "a party in whose favor a judgment has been rendered" could extend the judgment for an additional 10 years. Former RCW 6.17.020(3) (1995). Under this version of the statute, United Collections, as assignee, sought and obtained an extension. It was absolutely entitled to do so.
¶ 19 It is fundamental that an assignee steps into the shoes of the assignor; an assignment carries with it not only whatever contract rights may have been assigned but also "all applicable statutory rights and liabilities." Puget Sound Nat'l Bank v. Dep't of Revenue, 123 Wash.2d 284, 292, 868 P.2d 127 (1994). In Puget Sound National Bank, the court discussed a case where an escrow agent assigned to individuals whose escrow funds had been embezzled its right of action against the insurer which had contracted with the agent to provide the required fidelity bond. Under the principle that the assignee steps into the same shoes as the assignor, the court held that the bond statute, RCW 18.44.050, rendered the insurer liable to the assignees. Puget Sound Nat'l Bank, 123 Wash.2d at 292, 868 P.2d 127 (discussing Estate of Jordan v. Hartford Accident & Indem. Co., 120 Wash.2d 490, 497-502, 844 P.2d 403 (1993)). Similarly, where a retail *862 installment contract originally entered into by the assignor failed to comply with specific statutory provisions applicable to such contracts, the assignee was denied full recovery of the amount due under the assigned retail installment contract because of the failure to comply with the statutory requirements. Puget Sound Nat'l Bank, 123 Wash.2d at 292, 868 P.2d 127 (discussing Atlas Credit of Calif., Inc. v. Hill, 15 Wash.App. 146, 153, 547 P.2d 894 (1976)). Thus, both statutory benefits and burdens imposed by statute on a party apply equally to an assignee.
¶ 20 As this court stated: "These cases support the conclusion that an assignment carries with it . . . all applicable statutory rights and liabilities. To hold otherwise would be contrary to the rule that the assignee acquires whatever rights the assignor possessed prior to the assignment." Puget Sound Nat'l Bank 123 Wash.2d at 292-93, 868 P.2d 127 (emphasis added).
¶ 21 In Puget Sound National Bank itself, the court held that where automobile dealers assigned installment contracts to a bank, the bank stepped into the dealers' shoes and assumed their status with respect to all rights and liabilities related to the contracts, including the dealers' tax attribute of "`making sales at retail'" under RCW 82.08.037, thereby entitling the bank to a sales tax refund under the statute. Puget Sound Nat'l Bank, 123 Wash.2d at 293, 868 P.2d 127.
¶ 22 That the assignees' rights include "applicable statutory rights" of the assignor was described by the court as a "basic tenet[] of assignment law." Puget Sound Nat'l Bank, 123 Wash.2d at 292, 293, 868 P.2d 127; see also, e.g., Wash. State Bar Ass'n v. Merchants Rating & Adjusting Co., 183 Wash. 611, 616-17, 49 P.2d 26 (1935) (assignment for collection; the assignee has equal rights to those of the assignor); Lewis v. Third St. & Suburban Ry., 26 Wash. 28, 66 P. 150 (1901) (assignment of judgment carried with it the appeal bond as incident to it, leaving the assignor with no right of action on the appeal bond); Fed. Fin. Co. v. Gerard, 90 Wash.App. 169, 182-83, 949 P.2d 412 (1998) ("assignee's rights are coextensive with those of the assignor at the time of assignment"; a state statute of limitations that cannot be asserted as a defense against the assignor cannot be asserted against the assignee).
¶ 23 Thus, because the party who obtained the judgment, American Discount, had the statutory right to obtain a 10-year extension of time in which to execute on the judgment in 1987 when the judgment was assigned to United Collection, United Collection had the right to extend under the statute because as an assignee it had all the statutory rights that had belonged to the assignor  in accord with the basic tenet of assignment law.
¶ 24 It makes no difference that at that time the statute used the word "assignee" when referring to the original 10-year period but did not do so when referring to the 10-year extension. Former RCW 6.17.020(1), (3). A court construes statutes according to their plain language, when possible. Shoop v. Kittitas County, 149 Wash.2d 29, 36, 65 P.3d 1194 (2003). As the statute existed prior to the 2002 amendment, subsection (3) authorized a "party" to extend a judgment for an additional 10 years. That authorization necessarily included assignees of a party under settled principles, as explained. Thus, the plain language of former RCW 6.17.020(3) allowed, under basic assignment principles, the assignee to obtain the extension.
¶ 25 The absence of the word "assignee" in subsection (3) was of no importance as to assigned judgments. It was not necessary for subsection (3) to expressly refer to an "assignee." The statutes at issue in Estate of Jordan and Puget Sound National Bank, for example, did not refer to assignees, yet this court found the assignees were entitled to the same statutory rights as the assignors. See former RCW 18.44.050 (1979) (now codified at RCW 18.44.201; see Laws of 1999, ch. 30, § 5) (at issue in Estate of Jordan); former RCW 82.08.037 (1982) (at issue in Puget Sound Nat'l Bank).
¶ 26 And while the legislature did use the term "assignee" in subsection (1) of the statute, but not in subsection (3), this makes no difference either. Words in a statute are not often discounted, but they may be if they are, truly, surplusage. See Wash. Water Power *863 Co. v. Graybar Elec. Co., 112 Wash.2d 847, 859, 774 P.2d 1199 (1989) ("surplusage in a statute may be ignored in order to subserve legislative intent"). Here, the word "assignee" was (and is) surplusage in RCW 6.17.020(1).
¶ 27 The basic precept of statutory interpretation that a court will ascertain and give effect to legislative intent is furthered by avoiding a literal reading if it leads to strained, unlikely, or absurd consequences. In re Parentage of J.M.K., 155 Wash.2d 374, 387, ¶ 23, 119 P.3d 840 (2005); State v. Elgin, 118 Wash.2d 551, 555, 825 P.2d 314 (1992). The spirit or purpose of the statute must prevail over express but inept language. Elgin, 118 Wash.2d at 555, 825 P.2d 314; State v. Day, 96 Wash.2d 646, 648, 638 P.2d 546 (1981).
¶ 28 Allowing an assignee the rights of the assignor for the first 10 years, but cutting the right off after that point does not accord with the statute's purpose to allow execution of judgments for an extended period. Arbitrarily cutting off the right as to some but not all judgments, based on who has title to the judgment, does not serve that purpose. In addition, it must be remembered that the statute includes judgments in a wide variety of cases. This court has said, for example, that the rule that an assignee possesses all the rights possessed by the assignor before assignment is critical in the context of commercial lending transactions:
[W]hether a commercial paper transaction involves a borrowing or purchase, the lender or buyer must have confidence that the law is clear as to the rights and liabilities involved. Uncertainty as to the attributes of assignment . . . would inhibit certain routine commercial lending transactions and increase costs to borrowers and sellers of commercial paper until settled by future litigation.
Puget Sound Nat'l Bank, 123 Wash.2d at 293, 868 P.2d 127. The entities in this case and all others are entitled to rely on the long-standing, fundamental principle that upon assignment the assignee acquires the same statutory rights and liabilities that the assignor held at the time of the assignment. Certainly, the value of the judgment obtained by United Collecting is affected; without doubt the value placed by the parties on the judgment that was assigned would have been different if the parties had known at the time of assignment that United would not obtain all the rights held by American Discount.
¶ 29 The purpose of the statute, allowing execution of a judgment for an extended period of time, is not served by allowing some, but not all, the benefit of the extended period. Moreover, it serves as a windfall for those judgment debtors benefiting as a result of the fortuity that the judgments against them were assigned.
¶ 30 The majority suggests, majority at 861, that American Discount, the original judgment creditor, could have extended the judgment under RCW 6.17.020(3). It is hard to agree that American Discount could have extended the time on a judgment to which it no longer held title. Instead, to do as the majority suggests, United Collections would have had to transfer an interest back to American Discount. Of course, this would have been cumbersome, if not risky, and completely unnecessary if the statute is construed as it was undoubtedly intended. To avoid this unlikely result, former subsection (3) should be read to include assignees, in accord with long-standing assignment law.
¶ 31 The construction of RCW 6.17.020 that I believe is correct, if adopted by this court, would be what the statute has meant since its enactment. State v. Moen, 129 Wash.2d 535, 539, 919 P.2d 69 (1996). Accordingly, the 2002 amendment would do no more than make express what was already true under the statute  an assignee has the same rights as the assignor, which is, unsurprisingly, exactly what the legislature has indicated is, and was, the case.
¶ 32 It follows that the Court of Appeals decision in J.D. Tan, L.L.C. v. Summers, 107 Wash.App. 266, 26 P.3d 1006 (2001), was incorrect. The fact that United Collection fails to argue that J.D. Tan should be overruled, see majority at 860 n. 2, is irrelevant. This court is not bound by an erroneous, albeit implicit, concession related to a matter of law  here, the correctness of the J.D. Tan holding. See In re Pers. Restraint of Goodwin, *864 146 Wash.2d 861, 875, 50 P.3d 618 (2002).
¶ 33 Next, the majority declines to permit the retroactive application of the 2002 statutory amendment as intended by the legislature in the face of J.D. Tan, reasoning that such retroactive application would affect substantive rights to cessation of liens under RCW 4.56.210. However, if RCW 6.17.020(3) is interpreted as I maintain it should be, this issue does not arise because RCW 4.56.210 expressly provides that a lien based upon an underlying judgment continues for an additional 10-year period if the period of execution of the judgment is extended under RCW 6.17.020.
¶ 34 This court should overrule J.D. Tan, and hold that RCW 6.17.020(3) authorized assignees of a judgment to obtain the 10-year extension permitted by this subsection at the time United Collections obtained its extension.
¶ 35 I dissent.
NOTES
[1] In 1994, the legislature revised RCW 6.17.020 to permit the extension of the time during which execution may be issued on a judgment. Prior to 1994, execution on a judgment could be issued for only 10 years from the date of entry of the judgment.
[2] United does not argue to overrule J.D. Tan.
[3] Both petitioner and respondent agree former RCW 6.17.020 is unambiguous.