# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PIERCE COUNTY, | No. 52531-3-II |
| Respondent, | |
| v. | |
| RICHARD E. SORRELS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — Richard Sorrels appeals a warrant of abatement ordering the Pierce County Sheriff's office to abate the public nuisance present on Sorrels's property. Because the warrant of abatement was issued based on Sorrels's violation of a prior permanent injunction prohibiting him from creating a public nuisance on the property, the warrant of abatement was proper. We affirm.

## FACTS

On November 27, 2002, Pierce County obtained a judgment against Sorrels and others regarding the public nuisances present at several properties on Glencove Road in Pierce County.[1] The nuisances on the properties included, but were not limited to, having filth and debris on the property, leaving old tires on the property, illegally discharging sewage, parking numerous junk vehicles on the property, and improperly storing chemical containers.

The superior court ordered abatement of the public nuisances. The superior court's November 2002 order and judgment included the following provision,

---

[1] The properties at issue are commonly known as 9316, 9406, and 9410 Glencove Road, Pierce County, Washington.

IT IS FURTHER ORDERED that each defendant is permanently enjoined from bringing or storing upon any of the subject parcels any man-made object outside legally constructed and permitted buildings. The injunction is also a permanent mandatory injunction directing the defendants to remove all man-made objects from outside legally constructed and permitted buildings. This injunction includes vehicles. Any vehicles which come upon the property must be in street-legal operating condition, bear valid and current licensing and have valid and current proof of insurance from a properly licensed insurance company doing business in the State of Washington.

Clerk's Papers (CP) at 110-11.

The case regarding the Glencove Road properties has been the subject of several prior appeals before this court. In 2003, this court affirmed the contempt orders and warrants of abatement that preceded the November 2002 judgment. *Pierce County v. Sorrels*, noted at 117 Wn. App. 1035 (2003). And in 2005, several additional defendants appealed the November 2002 judgment against them. *Pierce County v. Sorrels*, noted at 125 Wn. App. 1005 (2005).[2] However, Sorrels did not appeal the November 2002 judgment against him. *Id.*

On December 15, 2017, Pierce County filed a motion for an order to show cause alleging that Sorrels was violating the November 2002 injunction by re-accumulating solid waste and junk vehicles on one of the Glencove Road properties.[3] Sorrels responded that the November 2002 judgment was stale and could not be enforced. He also argued that the motion to show cause was not properly served. The superior court continued the motion to January 19 to allow briefing on the issues Sorrels raised in his response.

The January hearing was again continued to February 16. The superior court issued an order setting the February 16 hearing date and stated that "Defendant Richard E. Sorrels is to

---

[2] This court affirmed in part and reversed in part. *Pierce County v. Sorrels*, noted at 125 Wn. App. 1005 (2005).

[3] The property at issue is located at 9406 Glencove Road.

2

appear and show cause why this court should not find you in contempt of the November 27, 2002 order and why this court should not issue a Warrant of Abatement for the property located at 9406 Glencove Road." CP at 158. Sorrels also received notice of the February 16 hearing date as required by Cr 5(b)(5), which informed him of his right to respond, the timeline required for such a response, and that a courtesy copy was provided to his former attorney. In addition, Pierce County mailed the following documents to Sorrels at two different addresses on January 19: note for motion docket, motion for order to show cause, clerk's minute entry, reply, declaration of Code Enforcement Officer Mark Luppino with Exhibits, order, and the notice pursuant to CR (b)(5). The hearing on the motion to show cause was continued several more times.

On May 4, 2018, the superior court held a hearing on the motion to show cause. Sorrels appeared at the hearing and presented testimony and argument on his own behalf. Pierce County presented the testimony from Code Enforcement Officer Luppino to establish that there continued to be an accumulation of vehicles and solid waste on the property.

Following the hearing, the superior court entered an order on the motion to show cause. The superior court found that Sorrels ultimately had received necessary notice of the hearing. The superior court also found that solid waste had accumulated on the Glencove Road property and that the accumulation of solid waste on the Glencove Road property violated the permanent injunction contained in the November 2002 judgment. The superior court concluded that Sorrels violated the permanent injunction. Accordingly, the superior court issued a warrant of abatement to allow Pierce County to enforce the terms of the permanent injunction contained in the November 2002 judgment.

Sorrels appeals the show cause order and the warrant of abatement.

ANALYSIS

Sorrels raises four issues on appeal. First, Sorrels argues that the motion to show cause was not properly served. Second, Sorrels argues that the November 2002 judgment could not be enforced because it was more than 10 years old. Third, Sorrels argues that the superior court lacked jurisdiction over RES Trust because the Trust is not an entity that could be sued. Fourth, Sorrels argues that Pierce County failed to prove an essential element of nuisance when obtaining the November 2002 judgment. We disagree with Sorrels's arguments and affirm the superior court's order on the motion to show cause and warrant of abatement.

A.     SERVICE OF MOTION TO SHOW CAUSE

Sorrels argues that service of the motion to show cause was improper because the documents served on him lacked exhibits, the service did not include the notice required by CR (b)(5), and he was not provided with a certified copy of the judgment the County was seeking to enforce; therefore, the order was improper.[4] We disagree.

---

[4] Sorrels also attempts to incorporate the argument made by his attorney in the briefing presented to the superior court. Br. of Appellant at 3 ("Argument was made in Sorrels Response to Motion to Show Cause re Contempt (cp 124-129) and Sorrels Reply on Order to Show Cause re contempt (140-156). Sorrels' attorney is far more competent to make such argument. Those two documents are incorporated herein and Appended."). However, as Division One of this court recently explained,

> In an appellate court, it is improper to attempt to "incorporate by reference" into a party's merits brief arguments made in other pleadings. *State v. Gamble*, 168 Wn.2d 161, 180, 225 P.3d 973 (2010) ("argument incorporated by reference to other briefing is not properly before this court"); *Diversified Wood Recycling, Inc. v. Johnson*, 161 Wn. App. 859, 890, 251 P.3d 293 (2011) ("We do not permit litigants to use incorporation by reference as a means to argue on appeal or to escape the page limits for briefs set forth in RAP 10.4(b)."); *Kaplan v. Nw. Mut. Life Ins. Co.*, 115 Wn. App. 791, 801 n.5, 65 P.3d 16 (2003).

Under CR 5(a), every motion filed in an action must be served as provided in CR 5(b). CR 5(b)(4) provides that service must be made on a party, rather than a party's attorney, if final judgment has been entered and the mandate has issued affirming the judgment. When service is made by mail, the party attempting service must deposit the papers to be served in the post office addressed to the person on whom they are being served. CR 5(b)(2). When service is being made on a party, rather than a party's attorney, CR 5(b)(5) requires an additional notice to be included:

> If a party is served under circumstances described in subsection (b)(4), the paper shall (i) include a notice to the party of the right to file written opposition or a response, the time within which such opposition or response must be filed, and the place where it must be filed; (ii) state that failure to respond may result in the requested relief being granted; and (iii) state that the paper has not been served on that party's lawyer.

Dismissal is an appropriate remedy for failure to comply with a court rule "where the record indicates that '(1) the party's refusal to obey [a court] order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed.'" *Will v. Frontier Contractors, Inc.*, 121 Wn. App. 119, 129, 89 P.3d 242 (2004) (alteration in original) (quoting *Rivers v. Washington State Conference of Mason Contractors*, 145 Wn.2d 674, 686, 41 P.3d 1175 (2002)), *review denied*, 153 Wn.2d 1008 (2005). Washington courts do not resort to dismissal lightly. *Id*.

Here, Sorrels has not demonstrated that dismissal was the appropriate remedy for the County's failure to comply with CR 5 when it served the initial motion for a show cause hearing. Nothing in the record demonstrates that the County's failure to properly serve the motion or

---

*State v. I.N.A.*, 9 Wn. App. 2d 422, 426, 446 P.3d 175 (2019). And self-represented litigants are held to the same standard as attorneys. *In re Marriage of Olsen*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

include the notice required by CR 5(b)(5) was willful or deliberate. And any prejudice that was caused to Sorrels by the improper service of the initial motion was cured when the County subsequently provided all documents to Sorrels, the superior court granted continuances to allow Sorrels additional time to prepare for the motion, and the County provided Sorrels with a copy of the notice required by CR 5(b)(5) for the continued hearing date. Finally, the superior court appears to have considered a lesser remedy by continuing the hearing date. Because Sorrels cannot show that dismissal was the appropriate remedy for the County's initial failure to properly serve the motion for a show cause hearing, this claim fails.

B.      STALE JUDGMENT

Sorrels argues that the County could not enforce the November 2002 judgment against him because it was more than 10 years old. Specifically, Sorrels argues that RCW 4.56.210, prohibits enforcement of a judgment after 10 years. Because the County was enforcing a permanent injunction contained in the final judgment, we disagree.

We review questions of statutory interpretation de novo. *Money Mailer, LLC v. Brewer*, 194 Wn.2d 111, 116, 449 P.3d 258 (2019). The primary purpose of statutory interpretation is to determine and enforce legislative intent. *Id.* at 117-18. "'[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'" *Wright v. Lyft*, 189 Wn.2d 718, 723, 406 P.3d 1149 (2017) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)).

RCW 4.56.210(1) provides,

Except as provided in subsections (2) and (3) of this section, after the expiration of ten years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor. No suit, action or other proceeding shall ever be had on any

judgment rendered in this state by which the lien shall be extended or continued in force for any greater or longer period than ten years.

Similarly, RCW 6.17.020(1) provides,

Except as provided in subsections (2), (3), and (4) of this section, the party in whose favor a judgment of a court has been or may be filed or rendered, or the assignee or the current holder thereof, may have an execution, garnishment, or other legal process issued for the collection or enforcement of the judgment at any time within ten years from entry of the judgment or the filing of the judgment in this state.

RCW 6.17.020 also provides certain exceptions to the above statutes requiring enforcements of liens and judgments within 10 years. *See* RCW 4.56.210(3).

The plain language of these statutes create a 10-year limit on enforcing judgments. But there do not appear to be any cases which apply this limitation to the enforcement of permanent injunctions, and Sorrels has not provided any. *See DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Instead, the limitation is generally applied in cases involving enforcement of money judgments, enforcement of child support, or sales of property to satisfy judgment creditors. *See e.g.*, *In re Paternity of M.H.*, 187 Wn.2d 1, 383 P.3d 1031 (2016); *Sessom v. Mentor*, 155 Wn. App. 191, 229 P.3d 843 (2010); *Am. Disc. Corp. v. Shepherd*, 129 Wn. App. 345, 120 P.3d 96 (2005), *aff'd*, 160 Wn.2d 93 (2007); *Hazel v. Van Beek*, 135 Wn.2d 45, 954 P.3d 1301 (1998). This is consistent with the plain language of RCW 6.17.020, which specifically references execution, garnishment, "or other legal process issued for the collection or enforcement" of judgments. These are processes associated with monetary judgments. And monetary judgments are judgments for a legal remedy. *See Auburn Mechanical, Inc. v. Lydig Const., Inc.*, 89 Wn. App. 893, 901-02, 951 P.2d 311 (distinguishing between monetary damages, legal in nature, and coercive orders such as injunctions or decrees of specific performance, equitable in nature), *review denied*, 163 Wn.2d 1009 (1998).

In contrast, injunctions are designated as special proceedings under Title 7 and are governed by chapters 7.40 (injunctions), 7.42 (injunctions—obscene materials), and 7.43 (injunctions—drug nuisances) RCW. Under RCW 7.40.020 "an injunction may be granted to restrain such act or proceedings until the further order of the court." Injunctions are enforced by contempt proceedings. RCW 7.40.150; *see also* RCW 7.21.010(1)(b) (Contempt of court includes intentional "[d]isobedience of any lawful judgment, decree, order, or process of the court."). And injunctions are equitable, rather than legal, remedies. *See Auburn Mechanical*, 89 Wn. App. at 901-02 (distinguishing between monetary damages, legal in nature, and coercive orders such as injunctions or decrees of specific performance, equitable in nature).

The plain language of the statutes imposing a 10-year limitation on judgments indicate that the legislature's intent was to apply a 10-year limitation on the collection and enforcement of monetary judgments. Nothing indicates that it was the legislature's intent to limit the enforcement of a permanent injunction—a special proceeding governed by a different statutory scheme. Therefore, the superior court did not err by determining that the County could enforce the permanent injunction. Accordingly, we affirm the superior court's order on the motion to show cause and warrant of abatement.

C.    RES TRUST AS A PARTY

Sorrels argues that the superior court lacked jurisdiction because the RES Trust was named as a party in the original action that resulted in the November 2002 judgment but the RES Trust was not an entity that had the capacity to sue and be sued. This argument fails.

Here, it is irrelevant whether the RES trust was a proper party in the original action that resulted in the November 2002 judgment or whether the trial court in the original action had jurisdiction over the RES Trust. Sorrels was a named individual defendant in the original action.

Therefore, the permanent injunction in the November 2002 judgment, which was entered against all named defendants, was entered against Sorrels as an individual defendant. And, here, the County sought to enforce the permanent injunction in the November 2002 judgment against Sorrels individually. As a result, the orders on appeal here were not entered against RES Trust, nor was RES Trust a party to the current action to enforce the permanent injunction. Accordingly, whether RES Trust was a party to the original action has no bearing on the validity of the order on show cause entered against Sorrels or the warrant of abatement at issue before us. Therefore, Sorrels's argument fails.

D.    ESSENTIAL ELEMENT OF NUISANCE

Finally, Sorrels argues that Pierce County failed to prove an essential element of nuisance, both in obtaining the original November 2002 judgment and when obtaining the current warrant of abatement. This argument also fails.

First, the validity of the original November 2002 judgment containing the permanent injunction is not before us. The November 2002 judgment has already been appealed and affirmed. Therefore, Sorrels cannot now challenge the November 2002 judgment as improper by arguing the County failed to prove an essential element of nuisance.

Second, in the current action, the County was not required to prove a nuisance. Instead, the County was enforcing the permanent injunction entered against Sorrels. Therefore, the County was required to show that Sorrels violated the terms of the permanent injunction. Accordingly, the County's alleged failure to prove all the essential elements of nuisance in obtaining the November 2002 judgment has no bearing on the validity of the order on show cause entered against Sorrels or the warrant of abatement.

We affirm the trial court's order on the motion to show cause and the warrant of abatement.

ATTORNEY FEES ON APPEAL

Pierce County requests costs and reasonable attorney fees under RCW 4.84.185 for responding to a frivolous appeal. Br. of Resp't at 11-12. RCW 4.84.185 provides,

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order.

It is undecided whether RCW 4.84.185 authorizes an award of attorney fees on appeal. *See Robinson v. American Legion Department of Washington, Inc.*, 11 Wn. App. 2d 274, 275, 452 P.3d 1254 (2019) (assuming without deciding that RCW 4.84.185 authorizes an award of fees on appeal). We determine that RCW 4.84.185 does not authorize an award of attorney fees on appeal.

The plain language of RCW 4.84.185 demonstrates that the legislature did not intend for the statute to authorize attorney fees on appeal. First, the statute authorizes an award of attorney fees for opposing a frivolous "action, counterclaim, cross-claim, third party claim, or defense," it does not mention appeals. Furthermore, the procedures outlined in the statute to be awarded attorney fees under RCW 4.84.185 are clearly procedures intended for a trial court, rather than an appellate court. The statute requires that the prevailing party make a motion and the court enter written findings based on evidence presented at the motion. These are procedures at the trial court, not procedures followed at the appellate court. Accordingly, we determine that RCW 4.84.185

was not intended to authorize an award of attorney fees on appeal.[5]  Because RCW 4.84.185 does not authorize an award of attorney fees on appeal, we deny the County's request for attorney fees on appeal.

We affirm the superior court's order on show cause and the warrant of abatement.  We deny the County's request for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Worswick, J.

_____
Cruser, J.

---

[5]  We also note that Rule of Appellate Procedure (RAP) 18.9 provides for an award of attorney fees for opposing a frivolous appeal.  However, the County fails to cite to RAP 18.9 in its request for appellate attorney fees.